[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10351

_____

D.C. Docket No. 9:14-cr-80117-KLR-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EDDY WILMER VAIL-BAILON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 28, 2016)

Before JORDAN, ROSENBAUM and SILER,[*] Circuit Judges.

ROSENBAUM, Circuit Judge:

---

[*] The Honorable Eugene E. Siler, Jr., United States Court of Appeals for the Sixth Circuit sitting by designation.

When I was growing up, my parents told me not to judge a book by its cover. The Supreme Court has expressed an analogous concern about concluding that a crime qualifies as a violent crime under the Armed Career Criminal Act ("ACCA"), based solely on the name of the crime. *See Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2560 (2015) (discussing whether Connecticut's offense of "rioting at a correctional institution," a crime that the Supreme Court characterized as "certainly sound[ing] like a violent felony," qualifies as a violent felony under the residual clause of the ACCA).[1]

This case raises the question of whether the Florida crime of felony battery—a crime that, from its name, may sound like a crime of violence—actually satisfies the definition of "crime of violence" under §2L1.2 of the Sentencing Guidelines when it is committed by mere touching. Heeding the Supreme Court's warning, we have carefully compared the elements of felony battery under Florida law to the "elements clause" of § 2L1.2's definition of "crime of violence." Based on our review, we now hold that felony battery under Fla. Stat. § 784.041 does not qualify as a "crime of violence" under § 2L1.2 when it is committed by mere

---

[1] The Supreme Court's comments arose in the context of considering the residual clause of the ACCA's definition of "violent felony." But the principle that we cannot determine whether a crime sounds like it should be a violent felony simply by considering the name of the crime remains the same, whether we are discussing the residual clause or the elements clause of the ACCA's definition of "violent felony," or, as here, the elements clause of U.S.S.G. § 2L1.2's definition of "crime of violence."

touching.  For this reason, we vacate Vail-Bailon's sentence and remand for resentencing.

## II.

Vail-Bailon pled guilty to illegally reentering the United States after previously being deported, in violation of 8 U.S.C. §§ 1326(a) and (b)(1).  Section 1326(b)(1) increases the penalty for simple illegal reentry (§ 1326(a)) when the defendant illegally reenters the United States after deportation following conviction of, among other things, a felony (though not an "aggravated felony").  In Vail-Bailon's case, Vail-Bailon reentered after deportation following his conviction for felony battery under Fla. Stat. § 784.041.

In the presentence investigation report ("PSI"), the Probation Office recommended increasing Vail-Bailon's base offense level by 16, pursuant to U.S.S.G. § 2L1.2(b)(1)(A), because, the Probation Office concluded, Vail-Bailon's prior conviction for felony battery qualified as a "crime of violence" under that guideline.  Vail-Bailon objected to the PSI's proposed 16-level enhancement, contending that felony battery under Florida law does not categorically constitute a "crime of violence."  The government took the opposite position.

At the sentencing hearing, the district court overruled Vail-Bailon's objection to the PSI and concluded that felony battery under Florida law categorically satisfies the definition of "crime of violence" under U.S.S.G. §

2L1.2(b)(1)(A).  As a result, Vail-Bailon's offense level increased by 16, based on the prior conviction for felony battery.  The district court sentenced Vail-Bailon to 37 months' imprisonment.  Vail-Bailon now appeals.

### III.

We review *de novo* the issue of whether a prior conviction qualifies as a "crime of violence" under the Sentencing Guidelines.  *United States v. Estrella*, 758 F.3d 1239, 1244 (11th Cir. 2014).  Proper interpretation of the Sentencing Guidelines requires us to account for both the individual guidelines and the commentary.  *United States v. Fulford*, 662 F.3d 1174, 1177 (11th Cir. 2011) (citation omitted).  In doing so, we give the language of the Sentencing Guidelines, "like the language of a statute, . . . its plain and ordinary meaning, . . . because as with Congress, we presume that the Sentencing Commission said what it meant and meant what it said." *Id.* (citations, internal quotation marks, and modification omitted).  And we follow the Guidelines commentary "unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *United States v. Jordi*, 418 F.3d 1212, 1216 (11th Cir. 2005) (quoting *Stinson v. United States*, 508 U.S. 36, 38, 113 S. Ct. 1913, 1915 (1993)).

**IV.**

Section 2L1.2, the guideline at issue here, imposes a 16-level enhancement on a defendant who previously was deported after "a conviction for a felony that is . . . (ii) a crime of violence." U.S.S.G. § 2L1.2(b)(1)(A). The Application Notes to § 2L1.2 explain that the term "crime of violence" includes, among other qualifying crimes, any offense under state law "that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2(b)(1)(A) cmt. n.1(B)(iii). We refer to this clause as the "elements clause" of § 2L1.2's definition of "crime of violence." *See United States v. Romo-Villalobos*, 674 F.3d 1246, 1248 (11th Cir. 2012) (per curiam). Because it is the same as the elements clauses of the ACCA and the career-offender guideline, cases construing the "elements clauses" of any of these three provisions are instructive here. *Id.*

With this framework in mind, we consider whether Fla. Stat. § 784.041 qualifies as a "crime of violence" under § 2L1.2. Under § 784.041, a person commits felony battery if he "(a) [a]ctually and intentionally touches or strikes another person against the will of the other; and (b) [c]auses great bodily harm, permanent disability, or permanent disfigurement." Fla. Stat. § 784.041(1).

In determining whether a crime qualifies as a "crime of violence," we generally employ a categorical approach. *Welch v. United States*, ___ U.S. ___,

5

136 S. Ct. 1257, 1262 (2016). Under the categorical approach, "a court assesses whether a crime qualifies as a violent felony in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *Id.* (citations and internal quotation marks omitted). That requires us to evaluate the least of the ways in which a given crime may be committed to determine whether it constitutes a "crime of violence."

Besides the categorical approach, however, the Supreme Court has also approved a modified categorical approach when a statute is divisible—meaning that it sets forth alternative elements of the same crime—to allow courts to evaluate whether the particular alternative version of the crime under which the defendant was convicted satisfies the definition of "crime of violence." *See Mathis v. United States*, ___ U.S. ___, 136 S. Ct. 2243, 2249 (2016). If a statute is divisible, courts look to see whether documents approved under *Shepard v. United States*, 554 U.S. 13, 125 S. Ct. 154 (2005), appear in the record and can answer under which alternative version of the statutory elements a defendant was convicted. *See Mathis*, 136 S. Ct. at 2250. If so, the court evaluates the alternative version of the statute under which the defendant was convicted to determine whether his crime meets the definition of "crime of violence."

Section 784.041 is divisible. *See Johnson v. United States*, 559 U.S. 133, 136-37, 130 S. Ct. 1265, 1269 (2010) ("*Curtis Johnson*") (citing *State v. Hearns*,

6

961 So. 2d 211, 218 (Fla. 2007), for the proposition that, as relevant here, two of the three ways that the prosecution can prove a violation of Fla. Stat. § 784.03(1)(a)(1), which includes the same language as Fla. Stat. § 784.041(1)(a), include by showing that a defendant "intentionally str[uck]" the victim or that he merely "[a]ctually and intentionally touche[d]" the victim). But since the parties agree that no *Shepard*-approved documents establish under which alternative element Vail-Bailon was convicted, we must assume that Vail-Bailon violated the statute by "[a]ctually and intentionally touch[ing]" another when we determine whether Vail-Bailon's conviction qualifies as a "crime of violence." *See Curtis Johnson*, 559 U.S. at 137, 130 S. Ct. at 1269.

A.    *Mere touching does not involve "the use, attempted use, or threatened use of physical force against the person of another."*

As relevant here, the first element of Florida's felony-battery law requires that the offender have "[a]ctually and intentionally touche[d] . . . another person against the will of the other." Fla. Stat. § 784.041(1)(a). It is exactly the same as one of the three alternative ways that a person can commit the complete crime of simple battery in Florida under Fla. Stat. § 784.03(1)(a)(1).[2]

---

[2] Under Fla. Stat. § 784.03(1)(a), a person commits the crime of simple battery in Florida when that person

1.    Actually and intentionally touches or strikes another person against the will of the other; or
2.    Intentionally causes bodily harm to another person.

Section 784.03(1)(a)(1) sets forth two alternative ways of violating the statute, with § 784.03(1)(a)(2) listing a third.

7

Significantly, the Supreme Court has already held that Florida battery, when committed by actually and intentionally touching another against his or her will, does not satisfy the "elements clause." *See Curtis Johnson*, 559 U.S. 133, 130 S. Ct. 1265. As the Supreme Court explained, "[t]he Florida Supreme Court has held that the element of 'actually and intentionally touching' under Florida's battery law is satisfied by *any* intentional physical contact, 'no matter how slight.'" *Id.* at 138, 130 S. Ct. at 1269-70 (quoting *Hearns*, 961 So. 2d at 218). Even "[t]he most 'nominal contact,' such as a 'ta[p] . . . on the shoulder without consent,' . . . establishes a violation." *Id.* (quoting *Hearns*, 961 So. 2d at 219).

But the phrase "physical force" that appears in the "elements clause" necessarily refers to "*violent* force—that is, force capable of causing physical pain or injury to another person." *Id.* at 140, 130 S. Ct. at 1271 (citing *Flores v. Ashcroft*, 350 F.3d 666, 672 (7th Cir. 2003)). Indeed, the joining of the words "violent" and "felony," or, in the case of § 2L1.2, "crime" and "of violence," renders the "connotation of strong physical force" required to satisfy the "elements clause" "even clearer." *See id.* For these reasons, the Supreme Court has concluded that mere touching does not involve the "use, attempted use, or threatened use of physical force against the person of another" under the "elements clause." *See id.* at 143-44, 130 S. Ct. at 1272.

8

*B.     The element of "[c]aus[ing] great bodily harm, permanent disability, or permanent disfigurement" does not make felony battery under Fla. Stat. § 784.041 a "crime of violence" under the "elements clause"*

As we have noted, the second element of felony battery under Fla. Stat. § 784.041 requires that the intentional touching from the first element have "cause[d] great bodily harm, permanent disability, or permanent disfigurement." Significantly, however, § 784.041 contains no requirement that the offender intentionally or knowingly cause bodily harm of any type. *T.S. v. State*, 965 So. 2d 1288, 1290 (Fla. 2007). So, as Vail-Bailon asserted at oral argument and the government expressly conceded, a person can be guilty of felony battery in Florida under § 784.041 if the offender taps another person on the shoulder while that person stands near the top of stairs, and the person whose shoulder was tapped is either startled or otherwise reacts in such a way that he falls down the stairs and suffers grievous bodily harm. Similarly, Vail-Bailon argued at oral argument— and the government did not challenge his interpretation—that a person can be guilty of felony battery in Florida if he tickles another and that person jerks back and, for example, stumbles through an open window.

A crime that occurs in these ways does not qualify under the "elements clause" as a "crime of violence" under Supreme Court precedent. First, it does not involve "physical force" as the Supreme Court expressed its understanding of that phrase in *Curtis Johnson*. In *Curtis Johnson*, the Supreme Court explained that

9

"the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person."  559 U.S. at 140, 130 S. Ct. at 1271. But significantly, the Supreme Court then directed readers to see *Flores*, 350 F.3d at 672.  At that pincite, *Flores* explained that "violent" force is "the sort that is ***intended to cause bodily injury, or at a minimum likely to do so***."  *Flores*, 350 F.3d at 672  (emphasis added).

The *Flores* definition necessarily excludes Florida felony battery committed by mere touching.  As we have established, a person may violate § 784.041 with no intent to cause bodily injury, so the first part of *Flores*'s definition of "physical force" relied on by the Supreme Court in *Curtis Johnson* does not apply.

And since the Supreme Court held in *Curtis Johnson* that mere intentional and actual touching does not qualify as "violent in nature," it necessarily concluded that Florida battery by mere touching is not conduct that is likely to cause bodily injury.  As a result, Florida battery by mere touching does not satisfy the second part of *Flores*'s definition of "physical force" that the Supreme Court relied on in *Curtis Johnson*.

Nor can it be that, in a given case, the fact that a mere touching actually does result in great bodily harm somehow changes the character of the mere touching from an action that is not likely to result in bodily harm to one that is likely to result in bodily harm.  In other words, the results of a specific incident of mere

10

touching do not alter the fact that the nature of mere touching, in and of itself, as the Supreme Court concluded in *Curtis Johnson*, is not likely to result in bodily harm. So Florida felony battery by mere touching cannot qualify as a "crime of violence," no matter what the injury resulting from the mere touching might turn out to be.

Also, notice considerations dictate that the inquiry into whether a crime qualifies as a "crime of violence" under the "elements clause" should be forward-looking, from the perspective of the wrongdoer, not backward-looking in hindsight. That way, when a person is held responsible for committing a "crime of violence," that person either intended to commit a "crime of violence" or should have known before committing the act that resulted in the conviction that it was at least likely that his act would cause bodily harm. But since the Supreme Court has already concluded that mere touching is not likely to result in bodily injury, we cannot expect a person who engages in mere touching to believe that his actions will cause bodily injury.

Second, *Leocal v. Ashcroft*, 543 U.S. 1, 125 S. Ct. 377 (2004), also supports our conclusion that felony battery committed by mere touching does not constitute a "crime of violence" under the "elements clause" just because the results of the mere touching were great bodily injury. In *Leocal*, the Supreme Court considered whether the Florida crime of driving under the influence of alcohol ("DUI") and

11

causing serious bodily injury, in violation of Fla. Stat. § 316.193(3)(c)(2) satisfied the definition of "crime of violence" under, among other things, 18 U.S.C. § 16's "elements clause."    Because § 16's "elements clause" is materially indistinguishable from § 2L1.2's "elements clause," *Leocal*'s analysis is pertinent here.[3]

The Supreme Court characterized the issue in *Leocal* as involving "whether state DUI offenses similar to the one in Florida, which either do not have a *mens rea* component or require only a showing of negligence in the operation of a vehicle, qualify as a crime of violence."  *Id.* at 6, 125 S. Ct. at 380.  As the Court saw it, the key consideration of the "elements clause" concerns the requirement that a crime of violence be one involving the "use . . . of physical force *against the person or property of another*."  *Id.* at 9, 125 S. Ct. at 382 (emphasis in original). And, significantly, the Supreme Court expounded on that phrase as "most naturally suggest[ing] a higher degree of intent than negligent or merely accidental conduct."  *Id.*  Indeed, the Supreme Court emphasized that the phrase "crime of violence," when considered in conjunction with § 16's reliance on the use of physical force against another person, "suggests a category of violent, active

---

[3] Section 16's "elements clause" defines a "crime of violence," in pertinent part, as "(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

crimes . . . ." *Id.* at 11, 125 S. Ct. at 383.  As a result, DUI—even DUI involving negligence—does not satisfy the "elements clause." *Id.*at 9-10, 125 S. Ct. at 382.

Section 784.041 fares no better under the "elements clause" than the DUI statutes at issue in *Leocal*.  A person who commits felony battery by mere touching intends to engage in mere touching, and that mere touching negligently or accidentally results in great bodily harm under § 784.041, just as a person who commits DUI that causes serious bodily injury under the statutes under review in *Leocal* intends to engage in driving while under the influence, and that driving accidentally or negligently results in serious bodily injury to another.  Though both offenders intend their actions—mere touching and driving—neither intends the accidental or negligent consequences—great bodily harm under § 784.041 and serious bodily injury under § 316.193(3)(c)(2).  And we do not rely on the consequences of the driving or the mere touching to determine whether, categorically, the crime involves the use, attempted use, or threatened use of force looking forward from the offender's perspective.  Instead, under *Leocal*, when we discuss an action that normally does not cause bodily injury—in *Leocal*, driving, and here, mere touching—that element of a crime can qualify the crime as a "crime of violence" under the "elements clause" only if the offender engages in it with some type of intent to harm another.

13

The dissent suggests that we look at the phrase "force capable of causing physical pain or injury to another person" from *Curtis Johnson* in isolation, without the context provided by the Supreme Court's immediate citation to *Flores*. We respectfully disagree for three reasons.

First, this argument reads the Supreme Court's statement unmoored from its context. Citations to circuit-court opinions such as *Flores* do not find their way into Supreme Court opinions by accident. The Supreme Court's reliance on *Flores* must mean something. The dissent's argument does not account at all for the Supreme Court's reliance on *Flores*, which very clearly puts into context what the Supreme Court had in mind when it used the phrase on which the government relies. Ignoring the citation to *Flores* would deprive the Supreme Court's discussion of the meaning of "physical," and thus, "violent," force of its intended connotation—force that is "intended to cause bodily injury, or at a minimum likely to do so." *See Curtis Johnson*, 559 U.S. at 140, 130 S. Ct. at 1271 (citing *Flores*, 350 F.3d at 672).

Second, the dissent's proposed interpretation of "physical force" would require us to disregard the lessons of *Leocal*. *Leocal* reinforces our conclusion that intent to engage in force that is, at a minimum, likely to cause bodily injury, matters. If we determined whether a crime involved "force capable of causing physical pain or injury to another person" by whether, in fact, the crime actually

caused physical pain or injury to another person, the DUI offenses that resulted in serious bodily injury in *Leocal* would necessarily qualify as "crimes of violence" under the "elements clause" since they all caused serious bodily injury.  But we know that these offenses do not qualify as "crimes of violence" under the "elements clause."  And that's because the phrase on which the dissent relies cannot be read in isolation, untethered from its context and Supreme Court precedent.

Third, holding someone responsible for committing a "crime of violence" when the person engaged in, for example, nothing more than tapping another on the shoulder or tickling another, is inconsistent with the Supreme Court's expressed understanding of the term "crime of violence."  As we have noted, the Supreme Court has opined that the term "crime of violence" "suggests a category of violent, active crimes . . . ," *Curtis Johnson*, 559 U.S. at 140, 130 S. Ct. at 1271 (quoting *Leocal*, 543 U.S. at 11, 125 S. Ct. at 383) (internal quotation marks omitted)—a category that clearly does not include mere touching, shoulder-tapping, or tickling.  In short, Florida felony battery, when committed by mere touching, does not satisfy the "elements clause" of the definition of "crime of violence" contained in § 2L1.2 of the Guidelines.

15

## V.

Though we can understand the temptation to conclude, based on its name, that a crime called "felony battery" categorically constitutes a "crime of violence," engaging in actual analysis of the elements of "felony battery" leads to the opposite conclusion when the crime is committed by mere touching. But nothing we have said here today precludes a court from finding that a defendant engaged in a "crime of violence" if *Shepard* documents reflect that a defendant was convicted of felony battery for striking another, as opposed to by mere touching of another. Because the record in this case does not satisfy that showing, we **VACATE** Vail-Bailon's sentence and **REMAND** for resentencing.

**VACATED AND REMANDED**.

JORDAN, Circuit Judge, concurring:

I join Judge Rosenbaum's opinion for the court in full and add the following comments.

In three unpublished cases, we have previously held that the crime of felony battery in Florida, as set forth in Fla. Stat. § 784.041, has as an element "the use, attempted use, or threatened use of physical force against the person of another." *See United States v. Eady,* 591 Fed. App'x 711, 719 (11th Cir. 2014); *United States v. Eugene*, 423 Fed. App'x 908, 911 (11th Cir. 2011); *United States v. Crawford*, 568 Fed. App'x 725, 728 (11th Cir. 2014). Although these decisions are not binding, *see* 11th Cir. R. 36-2, I write separately to explain why they are flawed and do not constitute persuasive authority.

In *Eady* (a case where I served on the panel), we held that felony battery under § 784.041 qualified as a "violent felony" under the elements clause of the ACCA. *See* 591 Fed. App'x at 719. Our elements clause analysis in *Eady*, however, started from the incorrect premise that Florida's felony battery statute "has a single, indivisible set of elements," and that "hitting" was the least culpable conduct under the statute. *See id.* at 719–20 ("It is incorrect to say that a person can 'actually and intentionally' hit another person *and* cause 'great bodily harm, permanent disability, or permanent disfigurement' without using 'force capable of causing physical pain or injury.'") (emphasis in the original). *Eady* is wrong

17

because the Supreme Court has explained that the first element for Florida simple battery (which is the same for Florida felony battery) is divisible and can be accomplished by any intentional touching, "no matter how slight." *See Johnson v. United States*, 559 U.S. 133, 138 (2010) (citing *State v. Hearns*, 961 So. 2d 211, 218 (Fla. 2007). *Eady* therefore is not persuasive here.

In *Eugene*, we recognized that felony battery under § 784.041 can be committed by any intentional touching yet held that it categorically qualified as a "crime of violence" under U.S.S.G § 4B1.2(a)(1), the career offender guideline. *See* 423 Fed. App'x at 911. But we did not perform an elements clause analysis in *Eugene*. Nor did we explore the possibility that a touch as insignificant as a tap on the shoulder can satisfy the first element of the offense. Instead, we concluded that "each touching that violates the felony battery statute is not only capable of causing physical pain or injury to another person . . . it must also actually cause great or permanent physical harm or injury to another person." *See id.* (internal quotation marks omitted). As we now explain in more detail, § 784.041's second element—"[c]aus[ing] great bodily harm, permanent disability, or permanent disfigurement"—on its own does not change the nature of the first element that we know encompasses even the "slightest unwanted physical touch." *See Johnson*, 559 U.S. at 137.

18

And finally, in *Crawford* we summarily concluded, without any analysis, that Florida felony battery satisfied the definition of "violent felony" under the ACCA.    *See* 568 Fed. App'x at 728 (citing the elements clause under 18 U.S.C. § 924(e)(2)(B)(i) without explanation).  It goes without saying that *Crawford*, which is bereft of analysis, does not help us to resolve the issue here.

In sum, our three unpublished opinions in *Eady*, *Eugene*, and *Crawford* fall short of persuasively explaining how a Florida felony battery by *any* intentional touching—including a tap or even a tickle—can categorically satisfy the definition of "crime of violence" under the elements clause of § 2L1.2.  I therefore agree that Florida felony battery under § 784.041 does not categorically have as an element "the use, attempted use, or threatened use of physical force against the person of another" when it is committed by a mere touching. Because § 784.041 is divisible, our decision leaves open the possibility that a district court may use the modified categorical approach in a case where *Shepard*-approved documents confirm that the defendant's felony battery conviction was based on the striking of another. That approach was not available here due to the absence of such documents.

SILER, Circuit Judge, dissenting.

I respectfully dissent from the majority opinion that Vail-Bailon's prior conviction for felony battery in violation of Fla. Stat. § 784.041 fails to qualify as a crime of violence under USSG § 2L1.2. I do not quarrel with the procedure outlined in the majority opinion as to how we approach the analysis. Moreover, I agree with Part III. A. that mere touching does not meet the definition of "violent force." As the majority states, that constitutes the misdemeanor crime of simple battery under Fla. Stat. § 784.03(1)(a). *See Johnson v. United States*, 559 U.S. 133, 140, 130 S. Ct. 1265, 1270-71 (2010)(*Curtis Johnson*).

Nevertheless, I disagree with the conclusions made in Part II. B. that the crime described in Fla. Stat. § 784.041 is not a "crime of violence" under the "elements clause." The Supreme Court defined "physical force" under the Armed Career Criminal Act (ACCA) as a "violent force — that is, force capable of causing physical pain or injury to another person." *Id.* (citing *Flores v. Ashcroft*, 350 F.3d 666, 672 (7th Cir. 2003)). Although *Johnson* involved the definition of "physical force" under the ACCA, we have previously observed that the "elements clause" for "violent felony" under the ACCA and "crime of violence" under USSG § 2L1.2(b)(1)(B) "is the same." *See United States v. Romo-Villalobos*, 674 F.3d 1246, 1248 (11th Cir. 2012). Instead of focusing on the language in *Johnson*, the majority pivots to *Johnson's* citation to *Flores*, in which the Seventh Circuit

defined "physical force" as "the sort that is intended to cause bodily injury, or at a minimum likely to do so." *Flores*, 350 F.3d at 672. However, we should not rely on *Flores*, but we should follow the definition of "physical force" offered in *Johnson*, "force capable of causing physical pain or injury to another person." 559 U.S. at 140, 130 S. Ct. at 1271. Why do we need to speculate about the definition of "physical force" when the Supreme Court provided one in *Johnson*? The Supreme Court was aware of the mens rea language used in *Flores* and chose not to use it. Instead, the operative word is "capability" — that is, the crime must be capable of causing physical injury. *See id.*

To be found guilty of violating § 784.041, the defendant must be more than capable of causing bodily injury since he must in fact cause "great bodily harm." The majority states that "[n]or can it be that, in a given case, the fact that a mere touching actually does result in great bodily harm somehow change[] the character of the mere touching from an action that is not likely to result in bodily harm to one that is likely to result in bodily harm." However, the issue from *Johnson* is whether the defendant's action is *capable* of causing bodily injury, not whether it is likely to cause injury. If something necessarily results from the touching, then the logic is that it had to have been capable of that result from the beginning.

The majority also attempts to analogize § 784.041 to the statute at issue in *Leocal v. Ashcroft*, 543 U.S. 1, 125 S. Ct. 377 (2004). That case involved a

21

violation of Fla. Stat. § 316.193(c)(2) for driving under the influence of alcohol (DUI) and causing serious bodily injury.  The Court held that a violation of § 316.193(c)(2) did not constitute a "crime of violence" under 18 U.S.C. § 16.  The majority suggests that the DUI statute at issue in *Leocal* contains an element with a similar mens rea as § 784.041 — intentionally driving a vehicle.  But that is not the proper element to analogize the "touching" element in this case.  Rather, the Supreme Court was concerned in *Leocal* that a person could be found guilty under § 316.193(c)(2) without any intentional use of force, that is, someone could be convicted by negligently or accidentally hitting a person with a vehicle.  It is this missing hitting element in § 316.193(c)(2) that distinguishes *Leocal* from the present case.  Unlike in the statute in *Leocal*, even in the least culpable formulation of § 784.041, a defendant must engage in intentional force by intending to touch someone.

In conclusion, I would find that the crime of felony battery under Florida law satisfies the "elements clause" of the definition of "crime of violence" contained in § 2L1.2 of the Guidelines.  Therefore, I would affirm the sentence in the district court.