[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13476
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cr-14079-KAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AMOS J. MOSS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 3, 2017)

Before HULL, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Amos J. Moss appeals his 180-month sentence of imprisonment after pleading guilty to one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  His sentence exceeded the normal 10-year maximum sentence under the statute, *see id.* § 924(a)(2), because the district court imposed an enhancement under the Armed Career Criminal Act ("ACCA"), *id.* § 924(e)(1).  In his sole challenge on appeal, Moss contends that the district court erred by determining that his prior Florida conviction for domestic battery by strangulation, under Florida Statute § 784.041(2)(a), qualified as a predicate "violent felony" for purposes of the ACCA enhancement.  He asserts that the Florida statute does not require the level of force needed to qualify as a violent felony.  We disagree and therefore affirm.

Under the ACCA, a defendant convicted of being a felon in possession of a firearm who has three or more prior convictions for a "serious drug offense" or "violent felony" faces a mandatory sentence of no less than fifteen years' imprisonment.  18 U.S.C. § 924(e)(1).  We review *de novo* whether a prior conviction is a "violent felony" within the meaning of the ACCA.  *United States v. Howard*, 742 F.3d 1334, 1341 (11th Cir. 2014).

The ACCA defines a "violent felony" as any crime punishable by a term of imprisonment exceeding one year that

    (i)      has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The first prong of this definition is sometimes referred to as the "elements clause," while the second prong contains the "enumerated-crimes clause" and what is commonly called the "residual clause." *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012). The Supreme Court recently struck down the ACCA's residual clause as unconstitutionally vague. *Samuel Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015). In holding that the residual clause is void, however, the Court clarified that it did not call into question the application of the elements and enumerated-crimes clauses of the ACCA's definition of a violent felony. *Id.* at 2563. This case concerns the elements clause, which is unaffected by *Samuel Johnson*.

To determine whether a prior conviction qualifies as a violent felony, we typically apply what has been termed the "categorical approach, looking at the fact of conviction and the statutory definition of the prior offense."[1] *United States v. Hill*, 799 F.3d 1318, 1322 (11th Cir. 2015) (internal quotation marks omitted). Because we examine what the state conviction necessarily involved, not the facts

---

[1] When a statute is "divisible"—meaning that it sets forth alternative elements of the same crime—we may apply what has been termed the "modified categorical approach," which involves looking at a limited class of documents to determine under which alternative version of the statutory elements a defendant was convicted. *See Descamps v. United States*, 133 S. Ct. 2276, 2283–85 (2013).

underlying the case, we must determine whether the least of the acts criminalized in the relevant statute requires "the use, attempted use, or threatened use of physical force against the person of another."   18 U.S.C. § 924(e)(2)(B)(i); *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013).

The inquiry into the minimum conduct criminalized by the state statute must remain within the bounds of plausibility.  *Moncrieff*, 133 S. Ct. at 1384–85.  That is, we must ask whether the state statute "plausibly covers any non-violent conduct."  *United States v. McGuire*, 706 F.3d 1333, 1337 (11th Cir. 2013); *see Gonzales v. Duenas–Alvarez*, 549 U.S. 183, 193 (2007) (requiring "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside" the standard).  "Only if the plausible applications of the statute of conviction all require the use or threatened use of force can [Moss] be held guilty of a [violent felony]."  *McGuire*, 706 F.3d at 1337.

The Supreme Court has held that the phrase "physical force," as used in the violent felony definition, means "violent force—that is, force capable of causing physical pain or injury to another person."  *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010).  In *Curtis Johnson*, the Supreme Court held that a conviction under Florida's battery statute, Fla. Stat. § 784.03, is not categorically a violent felony under the ACCA's elements clause because the offense may be committed by "actually or intentionally touch[ing]" another person.  559 U.S. at 138, 145.

Mere intentional touching, the Court explained, does not require violent force. *Id.* at 141–43.

While the meaning of "physical force" is a question of federal law, we are bound by a state supreme court's interpretation of state law, including its determination of the elements of a state offense. *Hill*, 789 F.3d at 1322. If the state supreme court is silent on an issue of law, we follow the decisions of the state's intermediate appellate courts, unless there is some persuasive indication that the state's highest court would decide the issue differently. *Id.*

In Florida, a person commits the offense of domestic battery by strangulation, a third-degree felony, if

> the person knowingly and intentionally, against the will of another, impedes the normal breathing or circulation of the blood of a family or household member or of a person with whom he or she is in a dating relationship, so as to create a risk of or cause great bodily harm by applying pressure on the throat or neck of the other person or by blocking the nose or mouth of the other person.

Fla. Stat. § 784.041(2)(a).[2]

Phrased differently, § 784.041(2)(a) requires proof that the defendant knowingly and intentionally "impede[d] the normal breathing or [blood] circulation" of a qualifying victim[3] either by (a) "applying pressure" on the

---

[2]   The statute exempts from its scope "any act of medical diagnosis, treatment, or prescription which is authorized under the laws of this state." Fla. Stat. § 784.041(2)(a).

[3]   *See* Fla. Stat. § 784.041(2)(b) (defining the terms "family or household member" and "dating relationship").

victim's throat or neck or (b) "blocking" the victim's nose or mouth.  *See In re Std. Jury Instructions in Crim. Cases—Report No. 2008-05*, 994 So. 2d 1038, 1042 (Fla. 2008).  In engaging in such conduct, the defendant must "create a risk of or cause great bodily harm." *Id.*

Moss argues that the level of force required for either "applying pressure" on the throat or neck or "blocking" the mouth or nose is not sufficiently violent so as to qualify under the ACCA.  Either of these actions, according to Moss, must simply "impede the <u>normal</u> breathing or circulation of the victim," not completely stop the victim's circulation or breathing.  As a result, Moss asserts, the statute could be violated by a "fleeting touch or slight pressure" that momentarily slows the breathing or circulation of the victim.  "Based upon a literal reading of the Statute," Moss contends, "an individual could violate the Statute by plugging someone's nose or pressing on someone's neck, even if just for a brief moment."

Moss's construction of the statute defies common sense and plausibility. While the terms "applying pressure" and "blocking" do not in and of themselves appear to require violent force, the statute requires that the defendant "knowingly and intentionally . . . impede[] the normal breathing or circulation of the blood" through those actions.  Fla. Stat. § 784.041(2)(a).

We can think of no plausible scenario, and Moss offers none, in which a non-violent touch to the victim's neck or nose could cause a risk of great bodily

6

harm by impeding the victim's normal breathing or circulation. *See McGuire*, 706 F.3d at 1337. As the government persuasively argues, "placing 'a hand over the mouth or nose areas using slight pressure' might impede breathing momentarily, but it would not 'create a risk of great bodily harm' unless sufficient force was used to keep the hand over the victim's nose or mouth sufficiently long enough to deprive the victim of needed oxygen." Likewise, the brief application of slight pressure to the victim's neck or throat might impede normal circulation momentarily, but it defies common sense and ordinary human experience to suggest that such a brief impediment to normal circulation could even leave a bruise, let alone create a risk of great bodily harm.

In other words, there is no plausible application of the Florida domestic-battery-by-strangulation statute which covers mere touching.[4] Rather, the force required to create a risk of great bodily harm in the ways contemplated by § 784.041(2)(a)—knowingly and intentionally impeding normal breathing or circulation by applying pressure to the victim's throat or neck or blocking the victim's nose or mouth—is necessarily force "*capable* of causing physical pain or injury to another person." *See Curtis Johnson*, 559 U.S. at 140 (emphasis added).

---

[4] Whether mere intentional touching that nevertheless causes great bodily harm, as in Florida's felony battery statute, *see* Fla. Stat. § 784.041(1), constitutes violent force under *Curtis Johnson* is still an open question in this Circuit and will be heard by this Court sitting *en banc*. *See United States v. Vail-Bailon*, 838 F.3d 1091 (11th Cir. 2016), *reh'g en banc granted, opinion vacated* (11th Cir. Nov. 21, 2016). Moss's case is unlikely to be affected by the resolution of *Vail-Bailon* because, as we have established, domestic battery by strangulation cannot be committed by mere touching.

Because Florida's domestic-battery-by-strangulation statute, Fla. Stat. § 784.041(2)(a), requires the knowing and intentional use of force capable of causing physical pain or injury to another, Moss's prior conviction under the statute qualifies as a predicate violent felony under the ACCA. Accordingly, we affirm his ACCA-enhanced sentence.

**AFFIRMED.**