[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15269
Non-Argument Calendar
_____

D.C. Docket No. 9:16-cr-80014-DMM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES FREDERICK,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 11, 2018)

Before MARCUS, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

James Frederick appeals his 51-month sentence, imposed after he pled guilty to possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  In calculating Frederick's Sentencing Guidelines range, the district court determined that he qualified for a base offense level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A) because he had a prior conviction for a "crime of violence."  On appeal, Frederick argues that the district court erred in determining that his prior Florida conviction for felony battery qualifies as a "crime of violence."

We review *de novo* whether a prior conviction qualifies as a crime of violence under the Sentencing Guidelines.  *United States v. Estrada*, 777 F.3d 1318, 1321 (11th Cir. 2015).  The Guidelines provide for a base offense level of 20 for a defendant convicted of unlawfully possessing a firearm if the defendant committed that offense after sustaining a felony conviction of either a crime of violence or a controlled substance offense.  U.S.S.G. § 2K2.1(a)(4)(A).  As relevant here, the Guidelines define "crime of violence" as any offense punishable by imprisonment for a term exceeding a year, that "has as an element the use, attempted use, or threatened use of physical force against the person of another."  *Id.* § 4B1.2(a)(1).  We often refer to this definition as the "elements clause."  Frederick argues that his felony battery conviction does not satisfy the elements clause.  Under binding precedent, we must conclude otherwise.

2

Under Florida law, a person commits a felony battery when he "[a]ctually and intentionally touches or strikes another person against the will of the other" and "[c]auses great bodily harm, permanent disability, or permanent disfigurement." Fla. Stat. § 784.041(1). When Fredrick filed his initial appellate brief, he sought relief under *United States v. Vail-Bailon*, in which a panel of our Court had held that a conviction under this statute does not categorically qualify as a crime of violence under the Guidelines. *See* 838 F.3d 1091 (11th Cir. 2016). Thereafter, however, the *Vail-Bailon* panel decision was vacated and reheard en banc. On rehearing, this Court held that a conviction under Florida's felony battery statute categorically qualifies under the Guidelines' elements clause.[1] *See United States v. Vail-Bailon*, 868 F.3d 1293, 1303-04 (11th Cir. 2017) (en banc), *cert. denied*, 138 S. Ct. 2620 (2018).

The en banc court's decision in *Vail-Bailon* squarely forecloses Frederick's argument that his conviction does not satisfy the elements clause. We are bound to follow this decision unless and until it is overruled or undermined to the point of abrogation by this Court sitting en banc or by the Supreme Court; thus, we acknowledge that Frederick has preserved this challenge for any further review available to him but do not address it further. *See United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003). We affirm his sentence.

---

[1] At issue in *Vail-Bailon* was the elements clause of the "crime of violence" definition in U.S.S.G. § 2L1.2. That definition, though, is identical to the one in U.S.S.G. § 4B1.2(a).

3

**AFFIRMED.**