967 So.2d 376 (2007)
Stephen SPRADLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-817.
District Court of Appeal of Florida, Fourth District.
October 17, 2007.
Carey Haughwout, Public Defender, and Tom Wm. Odom, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and James J. Carney, Senior Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
Defendant was convicted of felony battery, along with another offense, and sentenced for the felony battery as a prison releasee reoffender (PRR). He timely moved to correct the sentence, arguing that the PRR sentence was illegal because felony battery is not a qualifying crime for PRR sentencing. The trial court denied his motion. We reverse.
Simple battery is defined as "actually and intentionally touch[ing] or strik[ing] another person against the will of the other; or intentionally caus[ing] bodily harm to another person." § 784.03(1)(a), Fla. Stat. (2006). Although this offense is ordinarily punishable as a misdemeanor, a second violation is punished as a felony. § 784.03(2), Fla. Stat. (2006). That is what happened here. The question is whether even a second offense of simple batterya felony batteryis a qualifying crime for PRR sentencing.
While felony battery is not one of the enumerated felonies listed in the statute, a "catch-all" provision adds "[a]ny felony that involves the use or threat of physical force or violence against an individual."[1] Identical language is used in section 776.08 to define a "forcible felony." Therefore, whether the PRR statute applies to felony battery depends on whether felony battery is within the meaning of "forcible felony."
In State v. Hearns, 961 So.2d 211 (Fla. 2007), the court held that the catch-all provision for qualifying PRR offenses could not be interpreted to make battery on a law enforcement officer (BOLEO) and, by necessary implication, felony battery a qualifying offense. The court said:
"None of these cases explicitly analyzes the BOLEO or the battery statute to determine whether BOLEO is a felony that involves the use or threat of physical force or violence. They simply assume that BOLEO satisfies this description. One judge, however, did analyze the issue in some depth. In Jenkins v. State, 884 So.2d 1014 (Fla. 1st DCA 2004), although the majority followed its decision in Branch [v. State, 790 So.2d 437 (Fla. 1st DCA 2000)], the dissent argued that BOLEO cannot be a *378 qualifying offense under the PRR statute because it is not necessarily a forcible felony. Judge Ervin analyzed our decision in Perkins [v. State, 576 So.2d 1310 (Fla.1991) ], and although that case involved a different statute, he concluded that `[u]nder the Perkins reasoning, the identical language in the PRR Act means that the elements of a qualifying third-degree felony must encompass the use or threat of physical force or violence. Because unwanted touching under section 784.03(1)(a)(1) may not necessarily be a violent act, it cannot be a qualifying offense for PRR sentencing.' We agree with Judge Ervin's assessment." [c.o.]
961 So.2d at 217-18. The Court further added:
"In applying the Perkins test, we analyze the elements of the battery statute from which BOLEO derives its conduct element. Section 784.03 defines battery as (a) actually and intentionally touching or striking another person against the will of the other; or (b) intentionally causing bodily harm to an individual. . . . Under Perkins, for BOLEO to constitute a forcible felony, all three alternatives must involve the use or threat of physical force or violence. If one of the elements does not, then BOLEO can be committed without the use or threat of physical force or violence, and BOLEO would fail the Perkins test. . . .
Existing case law makes it clear that any intentional touching, no matter how slight, is sufficient to constitute a simple battery. Therefore, BOLEO, like battery itself, may be committed with only nominal contact.
. . .
As Respondent argues, if BOLEO were considered a forcible felony based on its intentional touching element, it could lead to potentially outrageous results. For example, tapping a law enforcement officer on the shoulder without consent would constitute a forcible felony. A child shooting a spitball at a school police officer would be guilty of a forcible felony. The possibilities are limited only by the imagination. But such minor infractions are incompatible with the level of force the forcible felony statute contemplates. The felonies enumerated in section 776.08 include murder, treason, carjacking, home-invasion robbery, arson, kidnapping, discharging of a destructive device or bomb, and aircraft piracy. Merely touching a law enforcement officer is not in the same league." [c.o.]
961 So.2d at 218-19. The court also justified its holding under the canon of statutory construction holding that a general phrase following a listing of specific terms will not be interpreted to expand the meaning of the general phrase beyond the common characteristics of the listed specific terms. Because the qualifying provision specifies sexual battery and aggravated batterybut not simple batterythe PRR statute does not authorize an enhancement for simple battery.
We therefore hold that a felony battery does not, of necessity, involve the requisite level of physical force or violence contemplated by the PRR catch-all provision. It is not included within the qualifying forcible felonies. Because felony battery is not one of the enumerated batteries in the forcible felony statute, it is not one of the specific offenses for which a defendant can be made to suffer the enhanced punishments of a PRR.
Reversed.
SHAHOOD, C.J., and TAYLOR, J., concur.
NOTES
[1] See § 775.082(9)(a)(1), Fla. Stat. (2006).