On Motion for Clarification
 

 MAY, J.
 

 We grant the State’s motion for clarification, withdraw our previously issued opinion, and substitute the following.
 

 The State appeals the defendant’s sentence. It argues that the trial court erred in finding that the defendant’s conviction on a felony battery charge did not satisfy the catch-all provision for prison releasee reoffender (PRR) sentencing. We agree and reverse.
 

 The State charged the defendant with felony petit theft; felony battery causing great bodily harm, permanent disability or disfigurement; and use of an anti-shoplifting control device counter measure. The Information alleged the defendant had caused great bodily harm, permanent disability or permanent disfigurement by biting the victim on the shoulder and arm causing lacerations requiring emergency medical treatment. The State gave notice of its intent to seek habitual felony offender (HFO) and PRR sentences.
 

 The defendant entered a plea of no contest. At sentencing, the State requested the court to sentence the defendant on the felony battery charge as both an HFO and a PRR. Defense counsel argued that the defendant did not qualify as a PRR. The trial court initially rejected the defendant’s argument, but then changed its ruling based upon the last two paragraphs of our opinion in
 
 Spradlin v. State,
 
 967 So.2d 376 (Fla. 4th DCA 2007).
 

 On appeal, the State argues this case, which involved the defendant biting the victim and causing the need for emergency medical attention, sufficiently established the requisite violence for imposition of a PRR sentence for the felony battery charge under the catch-all provision of section 775.082(9)(a)l.(o), Florida Statutes (2005). That provision provides for a PRR sentence for “[a]ny felony that involves the use or threat of physical force or violence against an individual.” § 775.082(9)(a)l.(o). We agree with the State.
 

 
 *660
 
 In
 
 Spradlin,
 
 we addressed whether a second offense of misdemeanor battery qualified for PRR sentencing. The defendant had been convicted of felony battery based upon multiple simple battery charges under section 784.03(2), Florida Statutes (2006). We held that because a felony battery does not always involve physical force or violence, the charge does not automatically qualify for PRR sentencing. We then concluded with the following sentence.
 

 Because felony battery is not one of the enumerated batteries in the forcible felony statute, it is not one of the specific offenses for which a defendant can be made to suffer the enhanced punishments of a PRR.
 

 Id.
 
 at 378. It was this language that understandably caused the trial court to reach its conclusion.
 

 That sentence however was unnecessary to the holding in
 
 Spradlin.
 
 It was not meant to be a broad generalized statement that no felony battery can ever qualify for imposition of a PRR sentence. Certainly, that will depend on whether the statutory elements of section 784.01, Fla. Stat (2006) are satisfied.
 
 See Thomas v. State,
 
 983 So.2d 746, 747 (Fla. 4th DCA 2008).
 

 Here, the defendant was adjudicated guilty of felony battery under section 784.041, Florida Statutes (2005), which requires great bodily harm, permanent disability, or permanent disfigurement. Unlike the crime committed by the defendant in
 
 Spradlin,
 
 the crime committed by the defendant in this case cannot “be committed without the use or threat of physical force or violence.”
 
 Spradlin,
 
 967 So.2d at 378.
 

 The defendant was released from the Department of Corrections on August 23, 2005. Less than a year later, the defendant committed the instant felony battery charge. This qualifies the defendant as a PRR under section 775.082(9)(a)l.(o). We therefore reverse the sentence and remand the case to the trial court to impose the PRR sentence.
 

 Reversed and Remanded.
 

 TAYLOR and HAZOURI, JJ., concur.