JULIE CARNES, Circuit Judge:
This appeal requires us to decide whether Florida felony battery is a crime of violence under the Sentencing Guidelines. Defendant Eddy Wilmer Vail-Bailon was convicted in 2014 of illegally reentering the United States, in violation of 8 U.S.C. §§ 1326(a) and (b)(1), after having been deported following a conviction for felony battery under Florida Statute § 784.041. Based on Vail-Bailon’s felony battery conviction, the district court imposed a sentencing enhancement that applies when a defendant has been deported after committing a crime of violence as defined by the applicable Guidelines provision. Vail-Bailon appealed his sentence, arguing that a Florida felony battery conviction does not qualify as a crime of violence. A divided panel of this Court agreed with Vail-Bailon, and vacated his sentence. See United States v. Vail-Bailon, 838 F.3d 1091 (11th Cir. 2016), reh’g en banc granted, opinion vacated (11th Cir. Nov. 21, 2016). Our full Court granted the Government’s petition to rehear the case en banc, and we now hold that Florida felony battery does categorically qualify as a crime of violence under § 2L1.2 of the Guidelines. Thus, we affirm and reinstate Vail-Bailon’s sentence.
BACKGROUND
Vail-Bailon, a citizen of Guatemala, was deported in 2008 following his conviction for felony battery under Florida Statute § 784.041. In 2014, Vail-Bailon was arrested in Palm Beach County, Florida and charged with illegally reentering the United States after being deported following a felony conviction, in violation of 8 U.S.C. §§ 1326(a) and (b)(1). Vail-Bailon pled guilty to the charge.
At Vail-Bailon’s sentencing, the district court imposed a 16-level enhancement pursuant to § 2L1.2 of the Sentencing Guidelines. At the time of the sentencing, § 2L1.2 required this enhancement for a defendant previously deported after being convicted of a felony that is a crime of *1296 violence. • • ' U.S.S.G. § 2L1.2(b)(l)(A)(ii)(2014).[1] Over Vail-Bail-on’s objection, the district court concluded that felony battery as set forth in Florida Statute § 784.041 qualifies as a crime of violence under § 2L1.2, and that the enhancement thus applied to Vail-Bailon. As enhanced, Vail-Bailon’s advisory guidelines range was 37 to 46 months. He was sentenced to 37 months. As noted, on appeal, a divided panel of this Court agreed with Vail-Bailon that Florida felony, battery under § 784.041 does .not constitute a crime of violence.
STANDARD OF REVIEW AND ANALYTIC FRAMEWORK
We review de novo whether Vail-Bailon’s felony battery conviction qualifies as a crime of violence under § 2L1.2 of the Sentencing Guidelines, and we apply a categorical approach. United States v. Garcia-Martinez, 845 F.3d 1126, 1129-30 (11th Cir. 2017). That is, we look at how the Florida statute defines felony battery to determine whether the offense qualifies as a crime of violence rather than looking at the particular facts underlying Vail-Bailon’s conviction. See Welch v. United States, — U.S. —, 136 S.Ct. 1257, 1262, 194 L.Ed.2d 387 (2016) (“Under the categorical approach, a court assesses whether a crime qualifies as a violent felony in terms of how the law defines the offense and not in terms of how. an individual offender might .have committed it on a particular occasion.” (internal quotation marks omitted)). More specifically, we assume Vail-Bailon committed felony battery by the least of the acts criminalized under the statute, and then we ask whether that act necessarily satisfies the definition of a crime of violence as set forth in § 2L1.2. See Moncrieffe v. Holder, 569 U.S. 184, 133 S.Ct. 1678, 1684, 185 L.Ed.2d 727 (2013) (“Because we examine what the state conviction necessarily involved, not the facts underlying the case, we must presume that the conviction rested upon nothing more than the least of the acts criminalized!).]” (alterations adopted and internal quotation marks omitted)).
In some cases, we are able to use a modified categorical approach to determine whether a conviction qualifies as a crime of violence. See Mathis v. United States, — U.S. —, 136 S.Ct. 2243, 2249, 195 L.Ed.2d 604 (2016) (describing the modified categorical approach and clarifying when it is applicable). The modified categorical approach only applies when a criminal statute is divisible, meaning that it “list[s] elements in. the alternative, and thereby define[s] multiple crimes.” Id, When that is the case, the modified approach allows us to examine a “limited class of documents” — known as Shepard[2] documents and including such items as the indictment, jury instructions, and plea agreement — “to determine what crime, with what elements, a defendant was convicted” of so that we can then assess whether the conviction satisfies the defini *1297 tion of a crime of violence. Mathis, 136 S.Ct. at 2249.
Because there are no available Shepard documents in this case, the modified categorical approach has no applicability here.[3] See Johnson v. United States, 559 U.S. 133, 140, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010) (“Curtis Johnson”) (applying the categorical approach where there, were no Shepard documents to show that the defendant’s conviction rested on anything more than the least of the acts criminalized by Florida’s simple battery, statute). That means that the only question before us is whether Florida felony battery constitutes a crime of violence under the categorical approach.
DISCUSSION
I. Legal Background
A. Section 2L1.2
The operative version of § 2L1.2 requires a 16-level enhancement if a defendant who is convicted of illegal entry previously was deported after being convicted of a felony. “crime of violence.” U.S.S.G. § 2L1.2(b)(1)(A)(ii). The commentary[4] to § 2L1.2 defines the term crime of violence to include, among other qualifying crimes, a state offense “that has as an element the use, attempted use, or threatened use of physical force against the person of another.” U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). We refer to- this part of § 2L1.2’s definition[5] of the term crime of violence as the “elements clause.” Garcia-Martinez, 845 F.3d at 1129.[6]
B. Curtis Johnson
As the basis for his challenge, Vail-Bail-on argues that Florida felony battery does not require the use of “physical force.” And becáuse a statute must proscribe the use, attempted use, or threatened use of physical force before it can be said to constitüté a crime of violence, Vail-Bailon contends that his felony-battery conviction therefore does not qualify.
In Curtis Johnson v. United States, the Supreme Court defined “physical force” for purposes of the elements clause to mean “violent force — that is, force capable of causing physical pain or injury to another person.” Curtis Johnson, 559 U.S. at 140, 130 S.Ct. 1265 (underlined emphasis added). However, in- contrast with this case, which involves a felony battery • conviction under Florida Statute § 784.041,[7] Curtis Johnson examined *1298 whether a conviction for simple battery-under Florida Statute - § 784.03 satisfied the elements clause of the Armed Career Criminal Act (“ACCA”), 18 U.S.C. § 924(e)(2)(B)(i).[8] Id. at 136, 130 S.Ct. 1266. The Florida simple battery statute is violated when a defendant “[a]ctually and intentionally touches or strikes another person against the will of the other.”[9] Fla. Stat. § 784.03(1)(a)(1). As interpreted by the Florida Supreme Court, actual and intentional touching — the only element necessary to support a conviction for simple battery — is satisfied by any physical contact, “no matter how slight.” State v. Hearns, 961 So.2d 211, 218-19 (Fla. 2007) (explaining that simple battery “may be committed with only nominal contact”). For example, even a slight but unwanted tap on the shoulder suffices for a conviction under the simple battery statute. See id. at 219. That being so, the Supreme Court concluded in Curtis Johnson that simple battery, as defined by Florida Statute § 784.03, does not require the use of force capable of causing physical pain or injury and thus does not categorically satisfy the elements clause. See Curtis Johnson, 559 U.S. at 145, 130 S.Ct. 1265.
C. Florida’s Felony Battery Statute
Unlike the simple battery statute at issue in Curtis Johnson, Florida’s felony battery statute requires more than a slight unwanted touch. As defined by Florida Statute § 784:041,[10] a person commits felony battery if he:
(l)(a) [a]ctually and intentionally touches or strikes another person against the will of the other; and
(b) [c]auses great bodily harm, permanent disability, or permanent disfigurement.
Fla. Stat. § 784.041(1) (emphasis added). Thus, in addition to touching or striking a victim against his will, an offender must also cause the victim to suffer significant bodily harm in order to be convicted of felony battery under § 784.041. See id.
Florida’s felony battery statute was intended to fill a gap between simple battery, which under Florida Statute § 784.03 is committed when the offender subjects his victim to any. type of unwanted physical contact, and aggravated battery, which under Florida Statute § 784.045 is committed when the offender commits a battery and thereby “intentionally or knowingly causes great bodily *1299 harm, permanent disability, or permanent disfigurement” to his victim. T.S. v. State, 965 So.2d 1288, 1290 & n.3 (Fla. 2d D.C.A. 2007). All three forms of battery require intentional conduct — at the very minimum a touch — that is against the will of the victim. See id. at 1290 (describing the differences between Florida’s simple, felony, and aggravated battery statutes). The felony battery statute adds the requirement that the intentional and unwanted touch cause great bodily harm to the victim. See id. The aggravated battery statute in turn adds the requirement that the offender “intended to cause the enhanced level of harm or knew that this level of harm would be caused.” See id. Aggravated battery is thus a specific intent crime, while simple battery and felony battery are crimes of general intent. See id.) Lewis v. State, 817 So.2d 933, 934 (Fla. 4th D.C.A. 2002) (noting that Florida felony battery is a general intent crime).
II. Analysis
The question raised by this appeal is whether felony battery as defined by Florida Statute § 784.041 necessarily requires the use of physical force, and thus categorically qualifies as a crime of violence under the elements clause of § 2L1.2. Applying the definition of physical force articulated by the Supreme Court in Curtis Johnson, we readily conclude that it does.
A. “Physical force” for purposes of § 2L1.2’s elements clause means “force capable of causing physical pain or injury.”
As discussed above, the Supreme Court in Curtis Johnson defined the term physical force as used in the elements clause to mean: “violent force — that is, force capable of causing physical pain or injury to another person.” Curtis Johnson, 559 U.S. at 140, 130 S.Ct. 1265. The Court arrived at that definition by looking to the ordinary meaning of the words “physical” and “force.” Id. at 138-39, 130 S.Ct. 1265. Citing numerous dictionary definitions, the Court determined that the “physical” component referred to “force exerted by and through concrete bodies,” as distinguished from intellectual or emotional force. Id. at 138, 130 S.Ct. 1265. As for the “force” component of the term, the Court noted that in general usage the word force connoted a degree of strength or power sufficient to cause pain or injury.[11] Id. at 139-40, 130 S.Ct. 1265. Nevertheless, physical force “might consist ... of only that degree of force necessary to inflict pain — a slap in the face, for example.” Id. at 143, 130 S.Ct. 1265.
Since Curtis Johnson was decided, and until the majority panel opinion in this case, there had been no debate in this Circuit about the meaning of the term physical force as used in the elements clause. In numerous cases, we have cited Curtis Johnson for the proposition that physical force in this context means force that is capable of causing physical pain or injury. See United States v. Brown, 805 F.3d 1325, 1327 (11th Cir. 2015) (“As used in the elements clause, the phrase physical force means violent force — that is, force capable of causing physical pain or injury to another person.” (internal quotation marks omitted)); United States v. Hill, 799 F.3d 1318, 1322 (11th Cir. 2015) (“The *1300 phrase physical force in the context of the statutory definition of violent felony means force capable of causing physical pain or injury to another person.” (internal quotation marks omitted)); United States v. Rosales-Bruno, 676 F.3d 1017, 1021 (11th Cir. 2012) (“[W]hen interpreting physical force in defining the analogous statutory category of violent felonies, the Supreme Court has confirmed that the phrase physical force means violent force — that is, .force capable of causing physical pain or injury to another person.” (alterations adopted and internal quotation marks omitted)).
In stating and restating the above definition, we have done nothing more than repeat the words that the Supreme Court itself used in articulating the applicable standard. Yet, clearly aware that the definition of physical force articulated by the Supreme Court in Curtis Johnson — and cited repeatedly by this Court — dooms the viability of his position in this case, Vail-Bailon urges us to jettison the Supreme Court’s standard in favor of an alternative definition. Specifically, Vail-Bailon argues that we should abandon the Supreme Court’s definition of physical force as force that is “capable” of causing physical pain or injury, and that instead we should substitute a new standard: Physical force is force that is “likely to cause pain.” In making this ¿rgument, Vail-Bailon relies on the Seventh Circuit’s decision in Flores v. Ashcroft, 350 F.3d 666 (7th Cir. 2003). The defendant in Flores was convicted of misdemeanor battery under an Indiana statute that criminalized “touching in a rude, insolent, or angry manner” that results in “bodily injury.” See Flores, 350 F.3d at 669 (citing Ind. Code § 35-42-2-1). The question before the Seventh Circuit was whether the statute required the use of physical force and thus qualified as a crime of violence under the elements clause of 18 U.S.C. § 16.[12] See id. at 669-72. Emphasizing that any contact — even indirect contact with an object such as a snowball or paper airplane — counted as a touch under the statute, and that even the slightest injury, such ás a bruise, satisfied the bodily injury element, the court held that a violation of the statute did hot necessarily require the use of physical force and thus did not qualify as a crime of violence. Id. at 669-72. The court ultimately defined physical force for purposes of the elements clause of § 16 to mean force that is “violent in nature — the sort that is intended to cause bodily injury,’ or at a minimum likely to do so.” Id. at 672. And it is this “likelihood” standard that Vail-Bail-on argues we should use.
A litigant asks a lot when he urges a lower court to disregard the standard articulated-by. the Supreme Court in favor of a contrary standard adopted by a circuit court. Nonetheless, Vail-Bailon says we should acquiesce .because in • Curtis Johnson, immediately after stating that physical force as used in the elements clause refers to violent force and then articulating its “capability” test, the Supreme Court cited to the Flores decision.[13] See Curtis Johnson, 559 U.S. at 140, 130 S.Ct. 1265. According to Vail-Bailon, because the Supreme Court included a pinpoint cite to page 672 of the Flores decision and because, among other things, the discussion *1301 on page 672 includes the articulation of a “likelihood” test, then that means the Supreme Court was signaling to the reader that it had not actually adopted the “capability” test it had just expressly announced, but instead it was incorporating a “likelihood” test that it never bothers to mention. For several .reasons, we are not persuaded.
First, we think it unlikely that the Supreme Court would engage in the verbal sleight of hand that Vail-Bailon attributes to it. It is a safe operating assumption that when the Supreme Court articulates a standard, it actually means the words it has used to set out that standard, not words found in a cited circuit court decision. To put it another way, if the Supreme Court in Curtis Johnson had intended to adopt a likelihood-based standard found in Flores, it would have simply said so, and not confused the reader by articulating a test that it never intended , to be used. See Rambaran v. Sec’y, Dep’t of Corr., 821 F.3d 1325, 1333 (11th Cir. 2016) (“[JJust as Congress does not generally hide elephants in mouseholes, the Supreme Court does not hide clearly established federal law in parenthetical quotations of circuit courts’ decisions.” (internal citation and quotation marks omitted)). See also Mathis, 136 S.Ct. at 2254 (“[A] good rule of thumb for reading our decisions is that what they say and what they mean are one and the same[.]”). Instead, it is a more reasonable assumption that, having cited Flores, the Supreme Court was aware of how the Seventh Circuit had defined physical force, but the Court deliberately opted for a different definition.
We note further that the “likely to cause pain” definition proposed by Vail-Bailon does not in fact appear in Flores. Indeed, to our knowledge, no court has ever defined physical force to mean force that is “likely to cause pain.” As quoted above, the court in Flores defined physical force to mean force that is “intended to cause bodily injury, or at a minimum likely to do so.” Flores, 350 F.3d at 672. Vail-Bailon concedes that neither part of his proposed definition is consistent with Curtis Johnson. That is, the Supreme Court did not identify intent to cause injury as a relevant consideration, and it spoke of force that is capable of causing “pain or injury” rather than just injury. See Curtis Johnson, 559 U.S. at 140, 130 S.Ct. 1265 (emphasis added). These acknowledged inconsistencies further undermine Vail-Bailon’s argument that we should rely on Flores to supplant the definition of physical force articulated by the Supreme Court in Curtis Johnson.
Nor would the capability-based definition of physical force articulated by the Supreme Court in Curtis Johnson swallow the holding of that case, as Vail-Bailon argues. According to Vail-Bailon, even the slightest touch is always capable of causing pain or injury and therefore qualifies as physical force under a capability-based definition, 'and’yet we know from Curtis Johnson that slight touching alone is insufficient to establish physical force. Thus, Vail-Bailon contends, if capability of causing pain'were the'true standard,'then the Supreme Court would have reached a different result in Curtis Johnson. This argument rests on a faulty premise that every slight touch is always capable of causing pain or injury. Under normal circumstances, a slight tap on the shoulder or a tickle might be offensive if it is unwanted, but it will not be capable of causing either pain or injury. Consequently, a statute requiring nothing more than a slight touch does not categorically qualify as physical force under the capability-based definition applied by Curtis Johnson, as opposed to a statute requiring a touch that is forceful enough to cause great bodily harm, which is what the Florida felony battery statute requires.
*1302 In short, we conclude that the test set out in Curtis Johnson articulates the standard we should follow in determining whether an offense calls for the use of physical force, and that test is whether the statute calls for violent force that is capable of causing physical pain or injury to another. A statute that requires a touching that causes “great bodily harm, permanent disability, or permanent disfigurement,” which is what Florida felony battery requires, would certainly appear to be a statute that calls for force that is capable of causing physical pain or injury. That the “touching” identified in the Florida felony battery statute actually “caused” the significant injury called for by the statute logically suggests that the force used in administering the touch was necessarily “capable” of causing that injury.
And on that point, we find agreement with the Seventh Circuit, which has recently held that a conviction under an Indiana felony battery statute that is materially indistinguishable from the Florida felony battery statute satisfies the elements clause.[14] In so holding, the Seventh Circuit rejected essentially the same challenges to the statute’s eligibility as a crime of violence[15] raised by Vail-Bailon and also advocated by the majority panel opinion in support of its holding that Florida felony battery does not require the use of violent force. See Douglas v. United States, 858 F.3d 1069, 1071-72 (7th Cir. 2017).[16] In concluding that the Indiana felony battery statute meets the elements clause’s requirement of the use of physical force, the Seventh Circuit makes it clear that the capability standard announced in Curtis Johnson controls the'inquiry, not the likelihood standard set out in Flores. See id. at 1071 (“The Court [in Curtis Johnson] stated that the sort of force that comes within the elements clause is force capable of causing physical pain or injury to another person.” (internal quotation marks omitted)). In fact, the Douglas court never mentions a “likelihood” standard nor does it even cite to its own opinion in Flores, suggesting the court’s recognition that, in terms of the physical force required by a statute, a simple battery statute is obviously distinguishable from a statute requiring that the battery cause serious injury. Instead, applying the plain language of Curtis Johnson, Douglas explained: “[Fjorce that actually causes injury necessarily was capable of causing that injury and thus satisfies the federal definition.” Id. We agree.
In short, we see no need to look any further than Curtis Johnson itself for the controlling definition of physical force as used in the elements clause. As articulated by the Supreme Court in Curtis Johnson, physical force for purposes of the elements clause means “violent force — that is, force capable of causing physical pain or injury.” Curtis Johnson, 559 U.S. at 140, 130 S.Ct. 1265. We now analyze under that standard the Florida felony battery statute and Florida caselaw interpreting it.
*1303 B. Florida Statute § 784.041 necessarily requires the use of force “capable of causing physical pain or injury.”
1. Florida Caselaw.
By its plain terms, felony battery in violation of Florida Statute § 784.041 requires the use of physical force as defined by Curtis Johnson. To be convicted under § 784.041, an offender must intentionally use force — a touch or a strike— that is against the victim’s will and that causes the victim to suffer great bodily harm. See Fla. Stat. § 784.041(1). As noted, we conclude that intentional force— even of the touching variety — that in fact causes “great bodily harm, permanent disability, or permanent disfigurement,” as required to sustain a conviction under § 784.041, necessarily constitutes force that is capable of causing pain or injury.
Moreover, Florida courts have emphasized that “great bodily harm” in this context does not include “slight, trivial, minor, or moderate harm.” E.A. v. State, 599 So.2d 251, 252 (Fla. 3d D.C.A. 1992) (discussing the meaning of great bodily harm as used in Florida’s aggravated battery statute) (quotation omitted). For example, “mere bruises as are likely to be inflicted in a simple assault and battery” do not satisfy the great bodily harm element. Id. (quotation omitted); see also Smith v. State, 175 So.3d 906, 907 (Fla. 4th D.C.A. 2015) (noting that Florida courts have defined great bodily harm to exclude slight or trivial harm); Gordon v. State, 126 So.3d 292, 295 (Fla. 3d D.C.A. 2011) (finding insufficient evidence of great bodily harm where the defendant struck the victim one time with a belt, causing bruises that healed without requiring medical treatment); Nguyen v. State, 858 So.2d 1259, 1260 (Fla. 1st D.C.A. 2003) (finding insufficient evidence of great bodily harm where the defendant shot the victim with a stun gun, causing burn marks but no lasting ill effects).
In short, slight discomfort and minor. injuries do not satisfy the great bodily harm element of § 784.041. See E.A., 599 So.2d at 252; Smith, 175 So.3d at 907. Instead, that element requires that the defendant inflict a severe physical injury on the victim. See E.A., 599 So.2d at 252. In addition, Florida caselaw confirms that the statute categorically requires the use of physical force. The most relevant Florida caselaw arises in the context of the state’s Prison Releasee Reoffender (PRR) and Violent Career Criminal (VCC) statutes, which provide for an enhanced sentence when a prison releasee commits, or when a defendant to be sentenced previously has been convicted of, a felony that “involves the use or threat of physical force or violence against an individual.” See Fla. Stat. § 775.082(9)(a)(1) (defining the term “prison releasee reoffender” to include a defendant who commits a felony that involves the use or threat of physical force or violence within three years of being released from a state correctional facility); id. § 775.084(1)(d)(1)(a) (defining the term “violent career criminal” to include a defendant who has been convicted three times of any forcible felony); id. § 776.08 (defining “forcible felony” to encompass a felony that “involves the use or threat of physical force or violence”).
As interpreted by the Florida courts, the physical force clause of the PRR and the VCC is materially indistinguishable from the federal elements clause. Florida courts apply a categorical approach to determine whether an offense qualifies for an enhancement under the clause, and they narrowly construe the clause to require that, similar to the federal elements clause, a qualifying offense have as a statutory element the use or threat of physical force. See Perkins v. *1304 State, 576 So.2d 1310, 1313 (Fla. 1991). In addition, and consistent with the definition of physical ‘force articulated in Curtis Johnson, the Florida Supreme Court has defined physical force as used in the PRR and VCC statutes to require more than mere touching. See Hearns, 961 So.2d at 218-19. As the Florida Supreme Court explained in Hearns, ' “minor infractions”' such as tapping a person on the shoulder without consent are “incompatible with the level of force” contemplated by the PRR and VCC statutes, and thus do not constitute physical force for purposes of those statutes. Id. at 219.
Since Hearns, and with the benefit of its reasoning, the Florida appellate courts uniformly have concluded that felony battery as defined by Florida Statute § 784.041 categorically qualifies as a predicate under the PRR and VCC statutes because it “cannot be committed without the use of physical force or violence.” Dominguez v. State, 98 So.3d 198, 200 (Fla. 2d D.C.A. 2012); see also Brooks v. State, 93 So.3d 402, 403 (Fla. 2d D.C.A. 2012) (holding that felony battery in violation of § 784.041 is a qualifying offense for PRR sentencing); State v. Williams, 9 So.3d 658, 660 (Fla. 4th D.C.A. 2009) (noting that § 784.041 cannot be violated “without the use or threat of physical force or violence” (internal quotation marks omitted)). In reaching this conclusion, the Florida- courts have distinguished between simple battery under § 784.03, which requires nothing more than a slight unwanted touch, and felony battery under § 784.041, which requires a touch or strike sufficient to inflict great bodily harm. Compare Williams, 9 So.3d at 660 (clarifying that when the statutory elements' of § - 784.041 are satisfied, felony battery qualifies for PRR sentencing), and Spradlin v. State, 967 So.2d 376, 378 (Fla. 4th D.C.A. 2007) (holding that a second offense of simple battery, which is punished as a felony but only requires nominal contact as defined by Florida Statute § 784.03, does not necessarily involve physical force and thus does not qualify for PRR sentencing).
We draw the same distinction, and reach the same conclusion. Simple-battery in violation of Florida Statute § 784.03, which is satisfied by a slight unwanted touch, does not require the use of. force capable of causing pain or injury and thus does not qualify as a predicate under the federal elements clause. On the other hand, felony battery, which includes the additional element that the touch or strike in fact cause significant physical injury, necessarily requires the use of force capable of causing pain or injury and therefore does- so qualify.
Vail-Bailon argues that the cited Florida caselaw is irrelevant to whether Florida felony battery qualifies as a predicate under § 2L1.2 because that question is governed by federal law. Of course, federal law rather than Florida law determines the meaning of physical force as that term is used in the federal elements clause. See Curtis Johnson, 559 U.S. at 138, 130 S.Ct. 1265. For that reason, we apply the definition of physical force provided by the Supreme Court in Curtis Johnson to determine whether Florida felony battery satisfies the elements clause. Furthermore, we recognize that we are not bound by the Florida courts’ interpretation of a state sentencing .provision that is similar — or even identical — to the federal elements clause. See id. But state law does determine the elements of the underlying state statute at issue. Id. See also Romo-Villalobos, 674 F.3d at 1249 (“While [Curtis] Johnson proscribes us from relying on state case law to determine whether a crime requires violent force, it expressly directs us to look at state cases to determine the elements of the state offense.” (internal quotation marks omitted)).
*1305 That being so, it is significant that (1) in applying a definition of physical force that is consistent with the definition set forth in Curtis Johnson (2) in the context of a state sentencing .provision that is indistinguishable from the federal elements clause, (3) Florida courts have held that felony battery in violation of Florida Statute § 784.041 “cannot be committed without the use of physical force or violence.” 'Dominguez, 98 So.3d at 200. Likewise, given the Florida Supreme Court’s guidance in Hearns that the PRR and VCC.statutes are not intended to encompass “minor infractions” that are “incompatible” with the degree of force contemplated by those statutes, it is noteworthy that Florida appellate courts uniformly have held that Florida felony battery qualifies as a predicate offense for PRR and VCC sentencing purposes.
Alternatively, Vail-Bailon argues that we should ignore the Florida appellate cases because he thinks they reached'the wrong decisions. We disagree that the courts reached the wrong decision or that we could disregard their decisions even if we thought them wrong. These appellate decisions are controlling as to this issue absent “some persuasive indication that the [Florida Supreme Court] would decide the issue differently.” Hill, 799 F.3d at 1322 (internal quotation marks omitted). There is no such indication here. Vail-Bailon contends that the appellate cases conflict with Hearns, but Hearns is easily distinguishable. In Hearns, the Florida Supreme Court held that battery on a law enforcement officer did not necessarily involve physical force because, like simple battery, it could be accomplished by “any intentional touching, no matter ' how slight.” Hearns, 961 So.2d at 218. That holding is entirely consistent with Dominguez, Williams, and Brooks because, in order to be convicted of felony battery under Florida Statute § 784.041, the defendant must touch or strike the victim in a manner that causes not just offense or slight discomfort but great bodily harm. See E.A., 599 So.2d at 252. Indeed, as noted, the Florida appellate courts have on this basis distinguished felony battery from simple battery for purposes of the PRR and VCC statutes. See Williams, 9 So.3d at 659-60 (distinguishing the defendant’s felony battery conviction under § 784.041 from the second offense simple battery conviction at issue in Spradlin).
2. The hypothetical proffered by Vail-Bailon do not alter our conclusion.
Contrary to every Florida court that has considered, the issue, Vail-Bailon argues that Florida felony battery, does not categorically require the use of physical force because it is possible for an offender to violate Florida Statute § 784.041 by engaging in conduct that consists of no more than a slight touch or nominal contact. In support of this argument, Vail-Bailon proffers- the following hypotheticals: (1) an offender lightly taps on the shoulder a victim who happens to be standing at the top of a staircase, startling the victim, who then falls down the stairs and suffers grievous injury; (2) an offender tickles a victim who is standing near an open window, startling the victim, who then hurtles through the open window and suffers severe injury; and (3) an offender applies a seemingly innocuous lotion onto the skin of a victim who has an unknown allergy, unexpectedly triggering an allergic reaction that results in serious injury.
According to Vail-Bailon, because the offender in each of these scenarios could conceivably be prosecuted under. Florida Statute § 784.041, even though the force used by the offender is minimal, the statute therefore flunks the physical force test. The defendant in the Douglas case made essentially the same arguments, and the Seventh Circuit rejected these farfetched *1306 hypotheticals, as do we. First, there is no support in Florida law for the idea that Florida Statute § 784.041 is designed to criminalize the conduct described in the proffered hypotheticals. See Douglas, 858 F.3d at 1071 (rejecting a similar “tickling” argument and noting that the defendant “ha[d] not located any decision in which Indiana’s courts have convicted someone of committing [the serious bodily injury version of] felony battery after a light touch initiates a long causal chain that ends in serious injury”). To our knowledge, there is likewise no case in which tapping, tickling, or lotion-applying — or any remotely similar conduct — has been held to constitute a felony battery under Florida Statute § 784.041. Rather, the real-world examples of Florida felony battery we are aware of all involve conduct that clearly required the use of physical force, as defined by Curtis Johnson.[17] See, e.g., Williams, 9 So.3d at 659 (biting the victim with such force that the resulting laceration required emergency medical treatment); Lewis, 817 So.2d at 933 (punching the victim in the face “with a force that required stitches and left a scar”); Harris v. State, 111 So.3d 922, 923-24 (Fla. 1st D.C.A. 2013) (grabbing the victim, pushing her, sitting on her chest, and strangling her with sufficient force to break her clavicle). For sure, several of these cases involve touching, but not of the tapping or tickling variety.' Rather, the type of touching that has resulted in felony battery convictions is more along the lines of strangling, dragging, and biting. See Williams, 9 So.3d at 659; Harris, 111 So.3d at 923-24.
Nor has Vail-Bailon shown that prosecution under Florida Statute § 784.041 for the conduct described in the hypotheticals is a realistic probability. The hypotheticals involve relatively benign conduct combined with unlikely circumstances and a bizarre chain of events that result in an unforeseeable injury: the ticklee is standing at an open window, the tapped person is so startled that he careens down a flight of stairs, the recipient of the lotion has an unknown allergy (and apparently stands still long enough to allow the perpetrator to spread said lotion on his body). As discussed, felony battery differs from aggravated battery in that felony battery is a general intent crime. See Lewis, 817 So.2d at 934. In other words, the prosecution is not required to prove that the defendant had the specific intent to cause the level of physical harm that the victim suffered in order to sustain a conviction for felony battery. See id.; T.S., 965 So.2d at 1290. But there is no support in Florida law for the argument that felony battery has been applied to penalize freak accidents of the sort that Vail-Bailon concocts.
Indeed, the Supreme Court has cautioned that the need to focus on the least culpable conduct criminalized by a statute “is not an invitation to apply ‘legal imagination’” to the statute. Moncrieffe, 133 S.Ct. at 1684-85 (noting that “there must be a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside” the qualifying definition of a predicate crime (citing Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007) (internal quotation marks omitted))). See also James v. United States, 550 U.S. 192, 208, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007) (explaining that the categorical approach does not require that *1307 “every conceivable factual offense” must qualify), overruled on other grounds by Samuel Johnson v. United States, — U.S. —, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015).
The hypotheticals proffered by Vail-Bail-on — all of which pose highly improbable ways of inflicting severe physical injury on a victim — reflect little more than the verboten legal imagination proscribed in the above Supreme Court decisions. Accord United States v. Redrick, 841 F.3d 478, 484-85 (D.C. Cir. 2016) (characterizing as “farfetched” the argument that robbery with a deadly weapon could be committed with weapons such as poison or lethal bacteria, which would not supply the requisite physical force necessary to satisfy the ACCA’s elements clause); United States, v. Hill, 832 F.3d 135, 141 (2d Cir. 2016) (rejecting the argument that Hobbs Act robbery could be committed by putting a victim in fear of injury to his property through non-forceful means such as “threatening to throw paint on the victim’s house, to spray paint his car, or, most colorfully, to pour chocolate syrup on his passport” (alteration adopted and internal quotation marks omitted)). Im short, Vail-Bailon’s florid exercise of legal imagination does not provide a persuasive basis upon which to conclude that Florida felony battery lacks the requirement of physical force necessary to. satisfy the elements clause of § 2L1.2.
3. Our conclusion is consistent with Leocal.
Finally, we reject Vail-Bailon’s argument that a conviction under Florida Statute § 784.041 cannot satisfy the- elements clause under the Supreme Court’s reasoning in Leocal v. Ashcroft, 543 U.S. 1, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004). The defendant in Leocal was convicted of DUI causing serious bodily injury in violation of Florida Statute § 316.193(3)(c)(2). The Supreme Court held that the conviction did not qualify as a crime of violence under the elements clause of 18 U.S.C. § 16 because the Florida DUI statute does not require that the defendant intentionally use any force at all against another person, but rather only that the defendant operate a vehicle while under the influence and thereby cause serious bodily injury to a person he accidentally, or perhaps negligently, hits with the vehicle. Leocal, 543 U.S. at 7, 125 S.Ct. 377. The Court explained that the “use” of physical force “suggests a higher degree of intent than negligent or merely accidental conduct” and that, as used in a provision describing crimes of violence, the term physical force “suggests a category of violent, active crimes that cannot be said naturally to include DUI offenses.” Id. at 9, 11, 125 S.Ct. 377.
The Court’s concern in Leocal — that the DUI crime at issue did not require the intentional use of any force at all, and that a defendant might be convicted of it after engaging in accidental or at most negligent conduct — is not a concern here. As Douglas noted in rejecting a similar Leocal challenge, “Indiana’s statute makes intent to use force an element of the offense; that satisfies the elements clause as Leocal understands it.” Douglas, 858 F.3d at 1072. Likewise, by its terms, Florida Statute § 784.041 requires an intentional use of force — a touch or a strike — that is against the victim’s will and that causes the victim to suffer great bodily harm. Fla. Stat. § 784.041(1). And, unlike the' DUI offense at issue in Leocal, felony battery is exactly the type of “violent, active crime[]” that the elements clause is designed to encompass. Leocal, 543 U.S. at 11, 125 S.Ct. 377. Accordingly, .our conclusion that felony battery in violation of § 784.041 qualifies as a crime of violence under the elements clause of § 2L1.2 comports with the Supreme Court’s reasoning in Leocal. See Douglas, 858 F.3d at 1072 (explaining that *1308 Leocal does not help a defendant who is prosecuted under a statute that “applies only to a person who knowingly or intentionally touches another person in a forbidden manner” (internal quotation marks omitted)).
CONCLUSION
For the above reasons, we hold that Vail-Bailon’s conviction for felony battery in violation of Florida Statute § 784.041 qualifies as a crime of violence under the elements clause of the operative version of § 2L1.2 of the Sentencing Guidelines. Thus, we AFFIRM Vail-Bailon’s sentence.

. Section 2L1.2 was amended in November 2016. See U.S.S.G. § 2L1.2 (2016). Under the amended version, the level of enhancement applicable to a defendant who previously was deported after a felony conviction depends on the length of the sentence the defendant received for the felony offense. Id. § 2L1.2(b)(2). The 2016 amendments are substantive rather than clarifying. See United States v. Jerchower, 631 F.3d 1181, 1185 (11th Cir. 2011) ("An amendment that alters the text of the Guideline itself suggests a substantive change[,]”). Thus, the pre-amended version of § 2L1.2 governs our analysis in this case. See 18 U.S.C. § 3553(a)(4)(A)(ii) (instructing the sentencing court to apply the Guidelines "that ... are in effect on the date the defendant is sentenced”); Jerchower, 631 F.3d at 1184 ("Substantive amendments to the Guidelines ,.. are not applied retroactively on direct appeal.”).

. Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005).

. The majority in the now-vacated panel opinion in this case assumed that Florida Statute § 784.041 is divisible because it can be violated either by touching or by striking. But given the lack of Shepard documents, the panel was unable to apply the modified categorical approach. Because we hold that Florida felony battery under § 784.041 categorically qualifies as a crime of violence, we need not reach the question whether the statute is divisible.

. The commentary "is authoritative” as to the meaning of a term used in the Guidelines “unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of" the guideline at issue. United States v. Jordi, 418 F.3d 1212, 1216 (11th Cir. 2005) (quotation omitted). The parties agree that the commentary’s definition of the term crime of violence is controlling here.

. Likewise, § 4B1.2(a)(1) includes an elements clause in its definition of a crime of violence for purposes of imposing a career offender enhancement.

. The commentary also includes a list of enumerated offenses that qualify as crimes of violence. See U.S.S.G. § 2L1.2, cmt. n.1(B)(iii). We refer to that list as the "enumerated offenses clause.” Garcia-Martinez, 845 F.3d at 1129. The enumerated offenses . clause is not at issue here.

. As set out infra, Florida felony battery under § 784,041 requires as an element of the offense that the defendant’s battery cause great bodily harm, permanent disability, or permanent disfigurement to the victim.

, The elements clause of the ACCA is identical .to the elements clause of § 2LI.2. Cases construing the ACCA’s elements clause are thus relevant to our inquiry here. See United States v. Romo-Villalobos, 674 F.3d 1246, 1248 (11th Cir. 2012) (noting that "cases dealing with the elements clauses of the ACCA and the career offender guidelines" are instructive in a case involving the elements clause of § 2L1.2).

. The simple battery statute also can be violated by "[i]ntentionally causing] bodily harm to another person.” Fla. Stat. § 784.03(1)(a)(2). But lacking the Shepard • .documents necessary to determine the basis of the defendant's conviction — and thus unable to analyze the conviction under the.modified categorical approach — the Court in Curtis Johnson assumed the defendant committed simple battery by actually and intentionally touching his victim, which the Court identified as the least of the acts criminalized by the simple battery statute. See Curtis Johnson, 559 U.S. at 137, 130 S.Ct. 1265.

.Florida felony battery under § 784.041, which requires a battery that causes great bodily harm, permanent disability, or permanent disfigurement, should, be distinguished from Florida felony battery under § 784.03(2), which punishes as a recidivist an offender who has more than one prior battery conviction, and Florida felony battery under § 784.07(2)(b), which applies to an offender who has committed simple battery against a certain kind of victim, such as a police officer. Unless stated otherwise, we are referring to § 784.041 when we use the term "felony battery.”

. The Court recognized that the word force has a specialized meaning that encompasses "even the slightest offensive touching” when it is used to define the common-law crime of battery, which was treated as a misdemeanor regardless of the manner in which it was committed. Curtis Johnson, 559 U.S. at 139-41, 130 S.Ct. 1265. But the Court declined to import that specialjzed meaning of force into the elements clause, which is intended to describe violent crimes that would not ordinarily include mere offensive touching, and which applies only to felonies rather than misdemeanors. See id.

. Similar to the elements clause of § 2L1.2, 18 U.S.C. § 16 defines the term crime of violence to mean "an offense that has as an element the use,' attempted use, or .threatened use of physical force against the person or property of another.” 18 U.S.C. § 16(a).

. The Court stated, "We think it clear that in the context of ,a statutory definition of ‘violent felony,’ the phrase ‘physical force’ means violent force — that is, force capable of causing physical pain or injury to another person. See Flores v. Ashcroft, 350 F.3d 666, 672 (C.A.7 2003) (Easterbrook, J.).” Curtis Johnson, 559 U.S. at 140, 130 S.Ct. 1265,

. ' The Indiana statute requires (1) an intentional touch that (2) results in serious bodily injury. Ind. Code § 35-42-2-l(a) (2005).

. Douglas dealt with the Armed Career Criminal Act, which characterizes the prior predicate offense as a violent felony, whereas Vail-Bailon’s predicate offense under the Sentencing Guidelines is called a crime of violence, but the elements clause applies equally to both a violent felony and a crime of violence, and the terms are synonymous. See Romo-Villalobos, 674 F.3d at 1248 (noting that the elements clause of § 2L1.2 "is the same as the elements clause[ ] of the Armed Career Criminal Act").

.The author of the Douglas opinion, Judge Easterbrook, was also the author of the Flores decision, whose citation by the Supreme Court in Curtis Johnson was heavily relied on by the majority panel opinion in reaching its holding. See Vail-Bailon, 838 F.3d at 1096, 1097.

. As did Vail-Bailon’s conduct in this case. According to the description of the underlying facts in his PSR, Vail-Bailon, after an argument with his wife, broke down her bedroom door and "choked, strangled, and punched her multiple times,” repeatedly stating, "You destroyed my life,” and "I will kill you.” When his. wife fled to seek help, Vail-Bailon "grabbed her by the hair and dragged her back to the house” while repeatedly punching her in the head and face.