[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15400
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cr-00042-MW-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIAN PATRICK GATHERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(October 2, 2017)

Before JORDAN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Brian Patrick Gathers appeals his sentence imposed after he pleaded guilty to two counts of distributing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), one count of possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D), one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).  On appeal, Gathers argues that the district court erred when it determined he was a career offender under the Sentencing Guidelines based upon his burglary conviction because the residual clause is unconstitutionally vague.  He also argues that his Florida conviction for felony battery does not qualify as a crime of violence under the Sentencing Guidelines.

Gathers' first argument is precluded, as he acknowledges, by our decision in United States v. Matchett, 802 F.3d 1185, 1189 (11th Cir. 2015).  In Matchett we held that the Supreme Court decision in Johnson v. United States, 576 U.S. ——, 135 S. Ct. 2551 (2015), holding that the residual clause of the violent felony definition in the Armed Career Criminal Act ("ACCA") is unconstitutionally vague, does not apply to the Sentencing Guidelines.  The Supreme Court recently upheld that determination that the advisory Sentencing Guidelines are not subject

2

to a vagueness challenge under the Due Process Clause, which meant §

4B1.2(a)(2)'s residual clause was not void for vagueness.

Beckles v. United States, 580 U.S. ——, 137 S. Ct. 886, 897 (2017). The Court

explained that the void-for-vagueness doctrine applies to laws that define criminal

offenses and laws that fix the permissible sentences for criminal offenses, neither

of which the Guidelines do. Id. at 892.  Further, the upcoming amendment to the

Sentencing Guidelines, removing the residual clause, does not change that outcome

because we do not apply substantive amendments such as that one retroactively.

United States v. Jerchower, 631 F.3d 1181, 1184 (11th Cir. 2014).

Gathers failed to raise his argument challenging his battery conviction's

qualification as a crime of violence under the Sentencing Guidelines below.

Therefore, we review it only for plain error.  To establish plain error, a defendant

must show that there is an error, that was plain, and that affected his substantial

rights.  United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005).  The error

must "seriously [affect] the fairness, integrity, or public reputation of judicial

proceedings."  United States v. Ternus, 598 F.3d 1251, 1254 (11th Cir. 2010)

(quotation omitted).

Gathers was convicted of violating Florida Statute section 784.041(1), which

prohibits the touching of another person that causes harm.  Specifically, the statute

provides:

(1) A person commits felony battery if he or she:
    (a) Actually and intentionally touches or strikes
    another person against the will of the other; and
    (b) Causes great bodily harm, permanent disability,
    or permanent disfigurement.

Fla.Stat. § 784.041(1).  Under the Sentencing Guidelines' elements clause, a crime of violence is defined as one that "has as an element the use, attempted use, or threatened use of physical force against the person of another."  USSG § 2L1.2. This Court recently held that a conviction under section 784.041 categorically qualifies as a crime of violence under § 2L1.2.  United States v. Vail-Bailon, __F.3d__, 2017 WL 3667647 at *4 (11th Cir. Aug. 25, 2017).  Therefore, Gathers cannot demonstrate error, let alone plain error.[1]

**AFFIRMED**.

---

[1]    In view of our holdings above, we need not address alternative grounds for affirmance as argued by the Government.

4