[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11160
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cr-00065-VMC-JSS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GLOVER A. YAWN, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 11, 2018)

Before MARCUS, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Glover Yawn, Jr. appeals his sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), arguing that his sentence was improperly enhanced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because his prior conviction for Florida felony battery under Fla. Stat. § 784.041(1) does not qualify as a violent felony.  Yawn acknowledges that we ruled in *United States v. Vail-Bailon*, 868 F.3d 1293 (11th Cir. 2017) (*en banc*), *cert. denied*, 2018 WL 2767792 (U.S. June 11, 2018), and *United States v. Green*, 873 F.3d 846, 869 (11th Cir. 2017), *cert. denied*, 2018 WL 2767821 (U.S. June 11, 2018), that Fla. Stat. § 784.041(1) has as an element the use, attempted use, or threatened use of physical force against another, but he argues that *Vail-Bailon* and *Green* were wrongly decided.

We review *de novo* whether a defendant's prior conviction qualifies as a violent felony under the ACCA.  *Green*, 873 F.3d at 869.

In *Vail-Bailon*, we applied the categorical approach and held, in the context of a provision of the Sentencing Guidelines, that felony battery under Fla. Stat. § 784.041(1) has as an element the use, attempted use, or threatened use of physical force against the person of another.  *See Vail-Bailon*, 868 F.3d at 1299, 1308.  In *Green*, we extended the holding in *Vail-Bailon* to the elements clause of the ACCA, stating that,

> . . . having held that, for Guidelines' purposes, felony battery under Florida Statute § 784.041 categorically constitutes a crime of violence

2

under the elements clause of that provision, *Vail-Bailon* compels a conclusion that this statute likewise constitutes a violent felony under the elements clause of the ACCA.

*Green*, 873 F.3d at 869.

Under the prior precedent rule, we are bound by our prior decisions unless and until they are overruled by the Supreme Court or this Court *en banc*. *United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003).

Yawn's argument on appeal is foreclosed by our binding precedent. We held in *Green* that felony battery under Fla. Stat. § 784.041(1) constitutes a violent felony under the elements clause of the ACCA. Thus, Yawn's contention that felony battery under Fla. Stat. § 784.041(1) does not qualify as a violent felony under § 924(e) is refuted by our binding precedent. Although Yawn argues that *Vail-Bailon* and *Green* were wrongly decided, our decisions remain binding unless and until they are overruled. Accordingly, we affirm.

**AFFIRMED.**

3