[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10602

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

PAVEL RUIZ-GONZALEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:18-cr-00004-CEM-GJK-1

_____

Before WILSON, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Pavel Ruiz-Gonzalez appeals the district court's decision to revoke his supervised release, and impose a 24-month sentence of imprisonment, for aggravated battery. He argues that the sentence was procedurally unreasonable because his Florida aggravated felony conviction did not qualify as a crime of violence under the United States Sentencing Guidelines (the Guidelines). He also argues that his sentence was substantively unreasonable because the upward variance from the guideline range was not warranted by significant justification.

I.

In 2014, Ruiz-Gonzalez pled guilty to one count of bringing undocumented immigrants into the United States for commercial advantage and private gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii). The district court sentenced him to serve 36 months' imprisonment, to be followed by 36 months' supervised release. Less than a year into his period of supervised release, Ruiz-Gonzalez stabbed someone following a bar fight. He pled guilty to aggravated battery and the state court sentenced him to serve 35 months' imprisonment. Following his sentence in state prison, Ruiz-Gonzalez was returned to federal custody. The probation office petitioned to revoke Ruiz-Gonzalez's supervised release because of his conviction for aggravated battery. At the revocation

hearing, Ruiz-Gonzalez pled guilty to a violation of his supervised release. He and the government initially agreed that aggravated battery constituted a grade B violation. However, the probation office later indicated that it was a grade A violation. At the sentencing hearing, the district court allowed Ruiz-Gonzalez to withdraw his guilty plea based on this fact, but he declined and understood that the court would find that the violation was a grade A violation.

A grade A violation calls for a sentencing guideline range of 12 to 18 months' imprisonment. *See* United States Sentencing Guidelines §§ 7B1.1(a)(1), 7B1.4. Ruiz-Gonzalez requested a downward variance to 8 months, arguing that he admitted guilt, already served his sentence in state prison for the offense, and spent 8 months in federal custody. The government requested a 12-month sentence to account for the violent nature of the stabbing. The district court considered the parties' statements, but sentenced Ruiz-Gonzalez to the maximum sentence of 24 months' imprisonment. It acknowledged that Ruiz-Gonzalez's conduct was violent, emphasizing that he followed a man after a bar fight, rammed his car into the man, and stabbed him twice. The district court further expressed confusion that the government requested a low-end guideline range sentence when compared to Ruiz-Gonzalez's conduct. Ruiz-Gonzalez objected to the sentence as procedurally and substantively unreasonable.

## II.

We review the sentence imposed upon revocation of supervised release for reasonableness. *United States v. Sweeting*, 437

F.3d 1105, 1106–07 (11th Cir. 2006) (per curiam). We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *United States v. Trailer*, 827 F.3d 933, 935 (11th Cir. 2016) (per curiam). The party who challenges the sentence bears the burden of showing that it was unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

When a procedural reasonableness challenge is not raised at the district court, we review the claim for plain error. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). To show plain error, the appellant must show that there was a procedural error, that it is plain, and that it affected substantial rights, and then that it seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *Id.*

A district court may, after considering certain factors set forth in § 3553(a), revoke the term of supervised release and impose a term of imprisonment. 18 U.S.C. § 3583(e)(3). When revoking a term of supervised release, "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S.S.G. Ch. 7, Pt. A, intro. cmt. 3(b). The district court must consider the following § 3553(a) factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for deterrence, protection of the public, and rehabilitation; (3) the guideline sentencing range; (4) any pertinent policy statements; (5) the need to avoid

21-10602                Opinion of the Court                    5

unwarranted sentencing disparities; and (6) the need to provide restitution to any victims.  18 U.S.C. § 3553(a)(1), (2)(B)–(D), (4)–(7), 3583(e).

"The weight accorded to any one § 3553(a) factor is a matter committed to the sound discretion of the district court, and a court may attach great weight to one factor over others." *United States v. Taylor*, 997 F.3d 1348, 1354 (11th Cir. 2021) (per curiam) (internal quotation marks omitted).  A district court imposes a substantively unreasonable sentence when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors. *Id.* at 1355.

A grade A violation of supervised release can include a "crime of violence" that constitutes "a federal, state, or local offense punishable by a term of imprisonment exceeding one year." U.S.S.G. § 7B1.1(a)(1).  In Florida, a person commits aggravated battery when he, in committing a battery, "[i]ntentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement" or "[u]ses a deadly weapon."  Fla. Stat. § 784.045(1)(a).  We have previously held that Florida aggravated battery is a specific intent crime that requires intentional conduct. *United States v. Vail-Balon*, 868 F.3d 1293, 1299 (11th Cir. 2017) (en banc).

III.

Ruiz-Gonzalez's first argument on appeal challenges whether his aggravated battery charge classifies as a grade A violation under the Guidelines.  He did not object to the classification of the violation during the proceedings below, therefore we review this issue for plain error.  *Vandergrift*, 754 F.3d at 1307.  He argues that *Borden v. United States* overruled any precedent that Florida aggravated battery is a "crime of violence" under U.S.S.G. § 7B1.1(a)(1).  141 S. Ct. 1817 (2021).

In *Borden*, the Supreme Court held that a criminal offense with a mens rea of recklessness does not qualify as a "violent felony" under the Armed Career Criminals Act (ACCA).  *Id.* at 1821–22.  However, Ruiz-Gonzalez's underlying criminal conduct was a conviction for Florida aggravated battery, a specific intent crime requiring intentional conduct.  *See Vail-Balon*, 868 F.3d at 1299.  *Borden* is not applicable here because he was not convicted of a crime involving the mens rea of recklessness.  *See Borden*, 141 S. Ct. at 1821–22.  Ruiz-Gonzalez raises no other argument regarding why his conduct did not constitute a crime of violence, and thus, the district court correctly determined that he committed a grade A violation.  Accordingly, the district court did not plainly err in calculating the advisory guideline range, and the sentence is procedurally reasonable.

Next, Ruiz-Gonzalez argues that the sentence is substantively unreasonable because the district court's upward variance from the guideline range lacks any significant justification.  While it is true that the district court imposed the maximum sentence of

two years, which was above the guideline range of 12 to 18 months, it had sufficient justification for doing so. The district court emphasized the violent nature of Ruiz-Gonzalez's conduct, stating that his conduct was worse than described by the government. *See* 18 U.S.C. § 3553(a)(1) (listing "the nature and circumstances of the offense" as a factor to be considered in imposing a sentence). Ruiz-Gonzalez's conduct, which involved following a man in anger, crashing into him with a car, and stabbing him twice, reflected that he posed a risk to others that could not be controlled by the terms of supervision. The need "to protect the public from further crimes of the defendant" is a relevant factor in imposing a sentence. *Id.* § 3553(a)(2)(C). Since the weight given to any specific § 3553(a) factor is within the district court's discretion, we cannot say the district court abused its discretion in emphasizing the nature of Ruiz-Gonzalez's conduct and the need to protect the public from further crimes by him. *Taylor,* 997 F.3d at 1354.

Ruiz-Gonzalez's remaining arguments also lack merit. The prison conditions he might be exposed to as a result of COVID-19 are not included among the relevant factors. *See* 18 U.S.C. § 3553(a)(1)–(7). He also contends that punishments imposed upon violations of supervised release are primarily sanctions for the defendant's breach of trust. *See* U.S.S.G. Ch. 7, Pt. A, intro. cmt. 3(b). However, the sentence adequately reflects the breach of trust Ruiz-Gonzalez created after he committed a violent act less than one year into his supervised release. Accordingly, we find that the

sentence imposed by the district court was both substantively and procedurally reasonable.

**AFFIRMED.**