[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11396
Non-Argument Calendar

_____

D.C. Docket Nos. 2:15-cv-14405-DMM,
2:14-cr-14025-DMM-1

ATNAFU RAS MAKONNEN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 5, 2018)

Before MARCUS, JULIE CARNES and HULL, Circuit Judges.

PER CURIAM:

Atnafu Makonnen, a federal prisoner serving a 188-month sentence, appeals

from the district court's denial of his 28 U.S.C. § 2255 motion to vacate his

sentence.  On appeal, Makonnen argues that he was improperly sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because his prior Florida convictions for felony battery, attempted robbery with a firearm, and attempted first-degree murder with a deadly weapon did not qualify as violent felonies under the ACCA's elements clause, which meant that he did not have the requisite number of prior convictions to be sentenced under the Act.  However, he concedes in his reply brief that our precedent forecloses his claims about felony battery and attempted armed robbery and that he raises these issues to preserve them for further appellate review.  After careful review, we affirm.

We review de novo whether a prior conviction qualifies as a "violent felony" under the ACCA.  United States v. Green, 873 F.3d 846, 869 (11th Cir. 2017), cert. docketed, No. 17-7299 (U.S. Jan. 5, 2018).  The scope of our review of an unsuccessful § 2255 motion is limited to the issues enumerated in the COA.  McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011).  Arguments not raised on appeal are deemed abandoned.  Isaacs v. Head, 300 F.3d 1232, 1246 (11th Cir. 2002).  Under the prior panel precedent rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting en banc. United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008).

Under the ACCA, a defendant faces a 15-year mandatory minimum sentence if the defendant is convicted of being a felon in possession of a firearm or ammunition following three prior felony convictions for a "violent felony" or a "serious drug offense," or both. 18 U.S.C. § 924(e)(1). The term "serious drug offense" includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The term "violent felony" includes "any crime punishable by imprisonment for a term exceeding one year" that: "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the elements clause); "is burglary, arson, or extortion, [or] involves use of explosives" (the enumerated crimes clause); or "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause). 18 U.S.C. § 924(e)(2)(B). In Johnson v. United States, the Supreme Court invalidated the ACCA's residual clause, holding that it was unconstitutionally vague. Johnson v. United States, 135 S. Ct. 2551, 2557, 2563 (2015). The Supreme Court clarified, however, that its holding did not call into question the application of the ACCA's other clauses. Id. at 2563. It later held that Johnson announced a new substantive rule that applied retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

3

We use the same analysis to decide whether a crime is a "violent felony" under the ACCA or a "crime of violence" under the Sentencing Guidelines. See United States v. Lockley, 632 F.3d 1238, 1243 n.5 (11th Cir. 2011) (discussing the career-offender guidelines).[1]  In both instances, we apply a categorical approach, looking at the statutory definition of the prior offense, rather than at the particular facts underlying a conviction. United States v. Vail-Bailon, 868 F.3d 1293, 1296 (11th Cir. 2017) (en banc).  A prior conviction qualifies as a "violent felony" or a "crime of violence" only if the minimum conduct criminalized by the statute necessarily satisfies the violent-felony or crime-of-violence definition. Id.  The phrase "physical force" in the elements clause means "violent force -- that is, force capable of causing physical pain or injury to another person." Id. at 1297 (quoting Curtis Johnson v. United States, 559 U.S. 133, 140 (2010)).

We've held that Florida felony battery categorically qualifies as a crime of violence under the elements clause of U.S.S.G. § 2L1.2's crime-of-violence definition, which is identical to the ACCA's elements clause. Id. at 1297, 1302, 1308.  In addition, we've held that Florida armed robbery categorically qualified as a "violent felony" under the ACCA's elements clause. Fritts, 841 F.3d at 941–42. However, because the defendant's prior conviction was not for attempt, Fritts

---

[1] Thus, cases addressing the ACCA's and Guidelines' elements clauses generally apply in both contexts. See United States v. Fritts, 841 F.3d 937, 941–42 & n.4 (11th Cir. 2016), cert. denied, 137 S. Ct. 2264 (2017) (holding in the alternative that precedent addressing whether an offense was a crime of violence under the Guidelines' elements clause was dispositive in deciding whether the offense also qualified as a violent felony under the ACCA's elements clause).

expressly declined to decide whether attempted armed robbery was a violent felony. Id. at 941 n.6. Fritts relied on Lockley, which held that Florida attempted robbery was a crime of violence under the Guidelines' elements clause. Id. at 940–42 & n.6; Lockley, 632 F.3d at 1245. In reaching its conclusion, Lockley noted that the Guidelines' commentary expressly provided that an attempt to commit a crime of violence was itself a crime of violence. Fritts, 841 F.3d at 941 n.6; Lockley, 632 F.3d at 1245. Lockley also noted that Florida's attempt statute was a close analogue to the Model Penal Code definition of attempt, requiring an overt act that clearly signals the commission of the offense instead of mere preparation. Lockley, 632 F.3d at 1245 n.6.

Here, the district court did not err in concluding that Makonnen was an armed career criminal with three prior convictions for a serious drug offense or violent felony. For starters, Makonnen does not dispute that his prior Florida conviction for selling cocaine qualifies as a serious drug offense. He therefore abandons that issue, which, in any event, would be beyond the scope of the COA. Isaacs, 300 F.3d at 1246; McKay, 657 F.3d at 1195.

Makonnen further admits that, under our binding precedent, his prior Florida convictions for felony battery and attempted armed robbery qualify as violent felonies under the ACCA's elements clause. Makonnen is correct that we have squarely held that felony battery is a violent felony. Vail-Bailon, 868 F.3d at 1297,

1302, 1308; Archer, 531 F.3d at 1352. As for attempted armed robbery, however, Makonnen incorrectly claims that Fritts deemed it a violent felony; rather, Lockley is the case concerning attempted armed robbery, and held that it was a crime of violence under the Guidelines' elements clause. Lockley, 632 F.3d at 1245. Fritts, an ACCA case, expressly did not address attempt. 841 F.3d at 941 n.6. Regardless, in conceding that attempted armed robbery is a violent felony, Makonnen has abandoned any claim that it is not a violent felony under the ACCA, nor does he argue that Lockley is not controlling here. Isaacs, 300 F.3d at 1246. And in any event, the arguments Makonnen makes against treating attempted armed robbery as a violent felony target the underlying offense -- armed robbery -- rather than the attempt aspect of his conviction. As a result, his actual arguments concerning attempted armed robbery are foreclosed by Fritts, 841 F.3d at 941–42.

In short, Makonnen has one prior conviction for a serious drug offense and at least two prior convictions for violent felonies -- felony battery and attempted armed robbery -- without resorting to the ACCA's residual clause. Accordingly, he has the requisite three ACCA predicate offenses to qualify as an armed career criminal, 18 U.S.C. § 924(e)(1), and the district court did not err in denying Makonnen's § 2255 motion to vacate his sentence.

**AFFIRMED**.