[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12051
Non-Argument Calendar
_____

D.C. Docket Nos. 9:16-cv-81151-DMM; 9:12-cr-80012-DMM-1

EZEKIEL FLOWERS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 16, 2018)

Before WILSON, JORDAN and HULL, Circuit Judges.

PER CURIAM:

Ezekiel Flowers, a federal prisoner serving a 188-month sentence after being

convicted of being a felon in possession of a firearm, appeals the district court's

denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. The district court granted Flowers a certificate of appealability ("COA") on whether his prior Florida convictions for aggravated assault with a deadly weapon and felony battery qualify as violent felonies under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), in light of the Supreme Court's decision in Samuel Johnson v. United States, 576 U.S. __, 135 S. Ct. 2551 (2015). After careful review, and based on our precedent, we affirm.

## I. BACKGROUND

In January 2012, a federal grand jury charged Flowers with a single count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). Flowers pled not guilty and was convicted at trial in June 2012.

In calculating Flowers's advisory guidelines range using the 2011 Guidelines Manual, the presentence report ("PSR") determined that Flowers was an armed career criminal under the ACCA based on these four Florida convictions: (1) a 2003 robbery conviction, in violation of Fla. Stat. § 812.13; (2) a 2004 felony battery conviction, in violation of Fla. Stat. § 784.041; (3) a 2005 conviction for aggravated assault with a deadly weapon, in violation of Fla. Stat. § 784.021(1)(a); and (4) a 2007 conviction for aggravated assault with a deadly weapon, in violation of Fla. Stat. § 784.021(1)(a). In light of his armed career criminal status, the PSR assigned Flowers a total offense level of 33 and a criminal history category of IV,

resulting in a guidelines range of 188 to 235 months' imprisonment. Additionally, Flowers was subject to the ACCA's 15-year (180-month) statutory mandatory minimum sentence.

At his August 2012 sentencing, Flowers objected to the ACCA enhancement, arguing that his Florida convictions for robbery and felony battery did not qualify as violent felonies because the ACCA's residual clause was unconstitutionally vague. Flowers acknowledged, however, that this Court's binding precedent at the time foreclosed his challenge to the ACCA's residual clause.[1] The district court accordingly overruled Flowers's objection and ultimately sentenced him to 188 months' imprisonment.

Flowers appealed, arguing among other things that his ACCA sentence violated the Sixth Amendment because it was based on facts found by the district court at sentencing, rather than by the jury at trial. United States v. Flowers, 531 F. App'x 975, 980, 984-85 (11th Cir. 2013). In August 2013, this Court affirmed Flowers's conviction and sentence on direct appeal. Id. at 985.

In June 2016, Flowers filed his present § 2255 motion to vacate. Flowers argued that, following the Supreme Court's 2015 decision in Samuel Johnson

---

[1]At that time, Flowers did not contest that his convictions for aggravated assault with a deadly weapon counted as predicate offenses.

striking down the ACCA's residual clause, his prior Florida convictions no longer qualified as ACCA predicate offenses.[2]

A magistrate judge issued a report and recommendation ("R&R") recommending that Flowers's § 2255 motion be denied.  The magistrate judge concluded that, after Samuel Johnson, all of Flowers's prior convictions remained qualifying violent felonies under the ACCA's elements clause.  The district court adopted the R&R over Flowers's objections, but granted Flowers a COA on whether his prior Florida convictions for aggravated assault with a deadly weapon and felony battery qualify as violent felonies under the ACCA.

## II.  DISCUSSION[3]

Under the ACCA, a defendant convicted of violating 18 U.S.C. § 922(g) is subject to a mandatory minimum sentence of 15 years (180 months) if he has three prior convictions for a "violent felony" or "serious drug offense."  18 U.S.C.

---

[2]Flowers also contended that his prior convictions no longer qualify as predicate felonies under U.S.S.G. § 2K2.1(a)(2), the guideline for his 18 U.S.C. § 922(g) firearm conviction, which provides a higher base offense level for a defendant convicted of illegal firearm possession under 18 U.S.C. § 922(g) if that defendant has sustained two prior felony convictions for "crimes of violence," as defined in U.S.S.G. § 4B1.2(a), the career offender guidelines.  U.S.S.G. §§ 2K2.1(a)(2) & cmt. n.1, 4B1.2(a) (2011).  Flowers reiterates that argument on appeal. Flowers's guidelines argument fails because the Supreme Court has held that Samuel Johnson does not apply to the sentencing guidelines and, at a minimum, Flowers's two convictions for aggravated assault with a deadly weapon are valid predicates for the § 2K2.1(a)(2) increase.  See Beckles v. United States, 580 U.S. __, __, 137 S. Ct. 886, 890 (2017); see also, U.S.S.G. §§ 2K2.1(a)(2), 4B1.2 cmt. n.1 (2011) (listing aggravated assault as a "crime of violence" for purposes of the guidelines); United States v. Palomino Garcia, 606 F.3d 1317, 1332 (11th Cir. 2010) (stating that the generic offense of aggravated assault under the guidelines includes assault with a deadly weapon).

[3]We review de novo whether a prior conviction is a violent felony within the meaning of the ACCA.  United States v. Howard, 742 F.3d 1334, 1341 (11th Cir. 2014).

§ 924(e)(1).  A "violent felony" is any crime punishable by a term of imprisonment exceeding one year that:

> (i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)  is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).  The first prong is referred to as the "elements clause," while the second prong contains the "enumerated crimes" and the "residual clause."  United States v. Owens, 672 F.3d 966, 968 (11th Cir. 2012).  In Samuel Johnson, the Supreme Court struck down the ACCA's residual clause as unconstitutionally vague, but did not call into question the validity of the ACCA's enumerated crimes or elements clause.  576 U.S. at __, 135 S. Ct. at 2563.  Under the elements clause, "the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person."  Curtis Johnson v. United States, 559 U.S. 133, 140, 130 S. Ct. 1265, 1271 (2010).

## A.   Florida Felony Battery

Florida's felony battery statute provides that a person commits felony battery if he "[a]ctually and intentionally touches or strikes another person against the will of the other," and "[c]auses great bodily harm, permanent disability, or permanent disfigurement."  Fla. Stat. 784.041(1)(a)-(b) (emphasis added).  In United States v. Vail-Bailon, this Court, sitting en banc, concluded that a

5

conviction for felony battery under Fla. Stat. § 784.041 qualifies as a "crime of violence" under U.S.S.G. § 2L1.2, which contains the same elements clause as the ACCA.  868 F.3d 1293, 1297, 1308 (11th Cir.) (en banc), petition for cert. docketed, No. 17-7151 (Dec. 20, 2017); see also, e.g., Gilbert v. United States, 640 F.3d 1293, 1309 n.16 (11th Cir. 2011) (en banc) (stating that, because the ACCA definition of "violent felony" is nearly identical to the guidelines' definition of "crime of violence," "decisions about one apply to the other").

In Vail-Bailon, this Court explained that, unlike the simple battery statute at issue in Curtis Johnson, Florida felony battery "requires more than a slight unwanted touch."  Vail-Bailon, 868 F.3d at 1298.  Rather, "in addition to touching or striking a victim against his will, an offender must also cause the victim to suffer significant bodily harm in order to be convicted of felony battery under § 784.041."  Id.  Accordingly, this Court reasoned that felony battery under § 784.041 necessarily requires the use, attempted use, or threatened use of violent physical force within the meaning of the elements clause.  See id. at 1303.  This is so, this Court explained, because "intentional force—even of the touching variety—that in fact causes 'great bodily harm, permanent disability, or permanent disfigurement,' as required to sustain a conviction under § 784.041, necessarily constitutes force that is capable of causing pain or injury."  Id.  This Court further noted that, under Florida law, only severe physical injury satisfies the great bodily

6

harm element of § 784.041, and "slight discomfort and minor injuries" are insufficient to sustain a felony battery conviction. Id.

On appeal, Flowers acknowledges that Vail-Bailon presently forecloses his challenge to the use of his Florida felony battery conviction as an ACCA predicate, but contends Vail-Bailon was wrongly decided and may soon be overturned by the Supreme Court. Unless and until the Supreme Court actually does so, however, Vail-Bailon remains binding. United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008) (explaining that this Court's precedent remains binding "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc"). Accordingly, the district court did not err in concluding that, even after Samuel Johnson, Flowers's felony battery conviction remains a qualifying ACCA predicate offense under the elements clause.

## B.    Florida Aggravated Assault

Florida's aggravated assault statute defines "aggravated assault" as an assault "(a) [w]ith a deadly weapon without intent to kill; or (b) [w]ith an intent to commit a felony." Fla. Stat. § 784.021(1).[4] By its plain terms, § 784.021 sets out two separate aggravated assault crimes in the alternative: (1) aggravated assault with a deadly weapon, or (2) aggravated assault with intent to commit a felony.

---

[4]Section 784.021(1) provides in full:
(1) An "aggravated assault" is an assault:
(a) With a deadly weapon without intent to kill; or
(b) With an intent to commit a felony.
Fla. Stat. § 784.021(1).

7

See id. § 784.021(1)(a)-(b).  Here, the parties do not dispute that both of Flowers's prior Florida aggravated assault convictions were for aggravated assault with a deadly weapon under Fla. Stat. § 784.021(1)(a).

In turn, Florida law defines "assault" as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent."  Fla. Stat. § 784.011(1).

In Turner v. Warden Coleman FCI (Medium), this Court held that aggravated assault under Fla. Stat. § 784.021 categorically qualifies as a violent felony under the elements clause of the ACCA.  709 F.3d 1328, 1337-38 (11th Cir. 2013), abrogated in part on other grounds by Samuel Johnson, 576 U.S. __, 135 S. Ct. 2551.  This Court explained that Florida aggravated assault, "by its definitional terms . . . necessarily includes an assault, which is an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so."  Id. at 1338 (internal quotation marks omitted); see also Fla. Std. Jury Instr. 8.2.[5]  As such, "a conviction under section 784.021

---

[5]Florida's standard jury instructions for aggravated assault provide:
To prove the crime of Aggravated Assault, the State must prove the following four elements beyond a reasonable doubt.  The first three elements define assault.

1.    (Defendant) intentionally and unlawfully threatened, either by word or act, to do violence to (victim).
2.    At the time, (defendant) appeared to have the ability to carry out the threat.

will always include 'as an element the . . . threatened use of physical force against the person of another.'" Turner, 709 F.3d at 1338 (quoting 18 U.S.C. § 924(e)(2)(B)(i)).  Although Turner was decided before Samuel Johnson, this Court has since reaffirmed its holding as to Florida aggravated assault.  See United States v. Golden, 854 F.3d 1256 (11th Cir.) (per curiam), cert. denied, 138 S. Ct. 197 (2017).

As with Vail-Bailon above, Flowers contends that Turner and Golden were wrongly decided.  But again, unless and until the Supreme Court or this Court sitting en banc overturns those decisions, they remain binding and foreclose Flowers's challenge to the use of his Florida aggravated assault convictions as ACCA predicates.  See Archer, 531 F.3d at 1352.

For the foregoing reasons, we affirm the district court's denial of Flowers's § 2255 motion to vacate his ACCA sentence.

**AFFIRMED.**

---

3.    The act of (defendant) created in the mind of (victim) a well-founded fear that the violence was about to take place.
Give 4a and/or 4b as applicable.  If 4b is alleged, give the elements of the felony charged.
4.    a. The assault was made with a deadly weapon.
b. The assault was made with a fully-formed, conscious intent to commit (felony charged) upon (victim).
See Fla. Std. Jury Instr. 8.2.